# CASES ADJUDGED

IN THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK.

---

## HARVEY KENNEDY, Appellant, v. HENRY CRANDELL, Respondent.

### (GENERAL TERM, THIRD DEPARTMENT, JUNE, 1870.)

Upon a question whether the words, "with interest after six months," had been added to certain promissory notes, after or before delivery.—*Held,* that entries of the notes in a bill book, made at the time of the delivery in the regular course of business by the payee's clerk, who was unable, independently of the entries, to state the contents of the notes, were admissible in evidence.

In an action to recover a sum agreed to be paid for personal property, it seems that the vendee may not recoup damages, by reason of false representations as to value, where the falsity of the representations might have been discovered by the exercise of reasonable diligence.

But where, under allegations of misrepresentation as to value, the defendant was permitted to give evidence of other false representations, against objection as to its admissibility under the pleadings, but without suggestion of surprise.—*Held,* that the evidence was properly received, and the answer properly regarded as if amended to conform to the proof.

And it seems where an amendment is allowable at Special Term, the court on appeal may consider the pleading amended *nunc pro tunc.*

A material alteration made by the payee in the tenor and effect of a promis-

sory note, vitiates and destroys it in the hands of his transferee after maturity. And the latter cannot recover upon it, or upon the original consideration thereof.

In an action to recover for property sold, the defendant may recoup damages on account of the plaintiff's false representations in making the the sale, where such representations constitute actionable fraud. Per MILLER, P. J.

THIS was an appeal from a judgment for the defendant, entered upon the report of a referee. The complaint first set forth causes of action upon two promissory notes, given by the defendant on the 28th of September, 1861, to one Henderson, payable to his order, viz. : one of $1,500, payable in twelve months, and the other for $2,000, payable in fifteen months, both purporting to be "with interest after six months." It also set forth as an additional cause of action, the sale by Henderson to the defendant of certain stock in a stove, heater and grate establishment, in Albany, on the 28th September, 1861, for $8,000, all of which sum it averred had been paid, except two installments of $1,500 and $2,000 respectively. The answer denied the execution of the notes, and as to the last count alleged fraud, in the sale, to the defendant's damage to a greater amount than the sum unpaid, which damage the defendant claimed to recoup.

The plaintiff objected to the proof of fraud because it was not particularly set up in the answer. The referee disregarded the variance and considered the second answer as if amended, in conformity with the facts proved.

It appeared in the evidence and was found by the referee, that at the time of the purchase of Henderson's stock by the defendant, who was entirely new to the business, and relied wholly upon Henderson's statements as to the value of the stock, and what he had been offered for it, he was told by Henderson, to induce the purchase at $8,000, that two persons, White and Weller, whom the defendant knew to be good judges, had been making an inventory with a view of purchasing, and had estimated the stock at $8,000, and had offered him (Henderson) $8,000, and they had not the means to pay, and, that therefore, he offered it to the defendant at

less than cost, and that he requested him (defendant) not to let White and Weller know that he was negotiating with him for the purchase; and that the defendant, accordingly, omitted to make inquiry of Smith and Weller but relying on Henderson's representations, bought the stock at the price of $8,000 and gave his notes, dated September 8th, 1861; one at four months for $1,000, one at six months for $1,000, one at nine months for $1,500, and the two notes in suit. All but the two last had been paid, viz., $4,500. These representations of Henderson, the referee found to be false and fraudulent. White and Weller had not estimated the value of goods at $8,000; had never offered Henderson $8,000 for the stock and the goods were not worth over $4,820.

The notes were first delivered by the defendant to Isaac Beecher, then taken back and delivered to James C. Kennedy, then to a brother of his, the plaintiff, by whom the action was brought in March, 1867.

The referee also found that after the execution and delivery of said notes to Henderson by the defendant, they were altered by Henderson, without the knowledge or consent of the defendant, by adding to each of them the words, "with interest after six months." That after said notes were thus altered, and after they became due, they were indorsed by Henderson, and were transferred to the plaintiff before the commencement of this action, and, as thus altered, were the notes mentioned in the complaint.

That Henderson assigned and transferred to one James C. Kennedy all his claim by virtue of said sale against the defendant; and that the same was assigned and transferred to plaintiff before the commencement of this action.

And as conclusions of law:

That by such alteration of the notes they became and were vitiated and destroyed; and that neither Henderson nor any person claiming under him, could recover on the notes, or the original consideration for which they were given. And that the defendant was entitled to judgment.

The plaintiff excepted to the finding and conclusion of law, that neither Henderson or any person under him could recover on the original consideration for which the notes were given, and that the defendant was entitled to judgment.

The questions raised sufficiently appear in the opinion.

A judgment was entered on the referee's report, and the plaintiff appealed to the General Term.

*A. J. Parker*, for the appellant.

*S. Hand*, for the respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J. It is insisted by the counsel for the plaintiff that the finding of the referee, that the notes in suit were altered after their execution, is against the evidence. This was the main question of fact in controversy upon the trial, and upon this subject the evidence was conflicting. Henderson swears quite positively that they were drawn with interest, and the words " after six months " were added before they were finally signed. In opposition to this testimony, Crandell, the defendant, swears that the words " with interest after six months " were not in, according to his recollection, and that his recollection is very distinct about it. Upon his cross-examination, he testifies that he will swear as positively as he can to anything, that the additions were made to the notes since their execution, and from all that occurred he is able to state positively that the notes were without interest. White, who was Henderson's clerk, testifies that he saw the notes and entered them in the bill book at Henderson's request, and the words " with interest after six months " were not there. He does not know that he can swear positively that these words were not in the notes outside of the entries made by him, but he can swear positively that interest was not in the notes when he entered them. Perhaps some stress may be properly put upon other circumstances, which tend to establish that Crandell and

Kennedy *v.* Crandell.

White are both mistaken, especially the fact that the words
" after six months" appear to be crowded or contracted in
the body of the notes; but suggestions are made on the other
side which look in the opposite direction, particularly the
transfer of these notes to different persons and the long and
unexplained delay in bringing this suit. All of these facts
presented considerations which were properly addressed to
the referee, who heard the testimony and saw the witnesses,
and it is by no means clear that the conclusion at which he
arrived is so entirely against the weight of the evidence and
so entirely erroneous as to justify this court in setting aside
his decision.

It is further urged that the referee erred in admitting in
evidence the entries made by White in the bill book. These
entries were made at the time when the note was given, and
tend strongly to corroborate the testimony of White, who
relied upon the entries, and who would not swear positively
that the words were not in the notes independent of them.
They were not in the nature of naked hearsay evidence or
statements in writing of third parties, but entries of transac-
tions made at the time by the clerk of the party in the regu-
lar course of business. In *Marcly* v. *Shults* ( 29 N. Y., 346 )
it was held to be competent to read an entry made by a wit-
ness of any fact material to the issues, if made at or near the
time when the fact occurred, and he can swear that it was
made correctly. (See, also, *Guy* v. *Mead,* 22 N. Y., 462;
*Halsey* v. *Sinsebaugh,* 15 N. Y., 485; 1 C. and H.'s notes,
756, etc.) Within the rule laid down in the authorities last
cited, the bill book introduced contained an original memo-
randum made by the witness when the facts stated trans-
pired, and was clearly admissible evidence.

It is insisted that the referee erred in admitting evidence
of representations in respect to the property. No false repre-
sentations are alleged in the answer, except as to the value
of the property, and the defendant upon the trial proved
under objection that other alleged false representations were
made, to the effect that the inventory footed up over $8,000;

that certain parties offered to pay that sum and were unable to raise the money, and make the payments as required; and thereupon Henderson offered the plaintiff the goods at that price, which he stated was much less than the real value or real cost of the goods.

Mere representations as to value are immaterial, where their accuracy might, by the exercise of reasonable diligence be discovered, and do not, if false, vitiate the contract. (*Smith* v. *Countryman*, 30 N. Y., 681.) And therefore, evidence of this alone could be of no avail. In this respect, the allegations in the answer were defective. They were not sufficiently definite as to the particular kind of false representations made; but as there was no allegation of surprise on the part of the plaintiff, I think the referee was justified in treating the answer as amended, so as to embrace the facts proved, and to disregard the variance. Even upon appeal, the court may treat the pleadings as having been amended in conformity with the evidence *nunc pro tunc*, in any respect in which the court ought clearly to allow an amendment at Special Term. ( *Wright* v. *Whiting*, 40 Barb., 235, 242, and authorities cited. See, also, Code, §§ 169, 170 ; *Coleman* v. *Playsted*, 36 Barb., 27 ; *Lounsbury* v. *Purdy*, 18 N. Y., 515 ; *Yates* v. *Alden*, 41 Barb., 176 ; Voorhees' Code of 1864, 352.)

I think that no error was committed by the referee, in holding that by the alteration, the notes were vitiated and destroyed, and that the plaintiff could not recover on the original consideration. The referee found that after the notes were altered, and after they became due, they were indorsed by Henderson, and were transferred to the plaintiff before the commencement of this action. The notes having been transferred after maturity, the plaintiff stands precisely in the same position in which Henderson stood after the alteration was made. The forgery creating a material change in the tenor and effect of the notes, of course the plaintiff cannot recover, nor could Henderson or his assignee fall back upon the original consideration. It is not a case of accidental

Kennedy v. Crandell.

or of casual loss or destruction, where an action would lie on the original consideration upon accounting for the loss or destruction in such a manner as to repel all inference of fraudulent design ; but an unlawful and criminal alteration of the note, by means of which the defendant is entirely discharged from the obligation. (See *Blade* v. *Noland*, 12 Wend., 173, etc.) Henderson having accepted the notes in payment, it is difficult to see how he could fall back upon the original consideration if he had altered them before maturity. for the defendant had not agreed to pay the consideration before the notes became due. He could not recover after maturity, without returning the notes originally given, which could not well be done if altered, as the act itself of alteration destroys their validity.

The plaintiffs theory upon this question is based upon the idea, that the notes were transferred to J. C. Kennedy, the plaintiff's assignee, before they were payable. This is in conflict with the referee's finding, as I understand ; and no exception being taken to this finding, it must be considered as conclusive. The plaintiff, therefore, is not in the attitude of a *bona fide* holder of the demand, but occupies the same position as the original holder.

The claim to recover the balance of the original consideration for the sale of the property is defended also upon the ground, that damages were sustained by reason of the false representations of Henderson, and the referee has found, that the defendant has sustained damages by reason thereof to a considerable amount. As these representations, if relied upon, constituted actionable fraud, there is no reason why the damages arising by means thereof, should not be allowed by way of recoupment to the defendant. ( *Van Epps* v. *Harrison*, 5 Hill, 63 ; *Sandford* v. *Handy*, 23 Wend., 260 ; *Hazard* v. *Irwin*, 18 Pick., 95 ; *Buxton* v. *Cooper*, 3 Atk., 383 ; *Partridge* v. *Osborne*, 5 Russ., 195 ; *Smart* v. *Atwood*, 1 Yon. R., 457 ; *Dobell* v. *Stevens*, 3 B. & C., 623 ; 1 Sug. on Vendors, 4.) This would reduce the plaintiff's claim to a comparatively trifling amount in any contingency. As,

however, for the reasons given, an entire defence was made out to the action, this view of the case is unimportant.

It follows that the judgment of the referee must be affirmed with costs.

Judgment affirmed.