The ruling of the learned judge at the circuit in directing a verdict for the plaintiff, cannot be sustained. When the note was indorsed by the defendant and delivered to the maker, the only blanks in it were the time and place of payment. These blanks the maker had an implied authority to fill up by inserting any time and place he chose, but he had no authority to make any material alteration in the note. The note was perfect in other respects. The addition of the words, "with interest," increased the liability of the indorser; and the maker had no more right to add those words than he had to increase the sum for which the note was given by adding the amount of the interest to *Page 37 
it for the time the note had to run. The defendant might have been willing to confer unlimited authority as to the time of payment. The longer the time, the less would be the present liability; and in no event could the liability exceed the sum specified. He never could be made liable for more than $175, while an authority to add interest might render him liable for double that amount. The General Term affirmed the judgment upon the authority of Van Duzer v. Howe (21 N.Y., 531). In that case an acceptance was delivered to the drawer of a bill, with the amount left blank, which the drawer filled up with a larger amount than was agreed upon between him and the acceptor, and the court very properly held that a bona fide holder could recover the amount. The indorsement and delivery to the maker of a blank note, carries with it an authority to fill up the note for any amount. In the language of Lord MANSFIELD, "the indorsement of a blank note is a letter of credit for an indefinite sum." (Doug., 516.) But this well-settled principle does not reach this case. Here the amount of the note was fixed; the note was not blank in respect to the amount. It is only the blank portions of the note which may be filled up. We have been referred to no authority which would authorize the maker to insert the words, "with interest," to the note. Kitchen v. Place (41 Barb., 465) merely decided that the holder of a note might insert a place of payment after the word "at" in a blank space left for that purpose. But in that case the court say that, if the word "at" had been erased, the note would have been complete without filling the blank. Mitchell v. Culver and Mechanics andFarmers' Bank v. Schuyler (7 Cow., 336, and note), were cases where the date was supplied. In the first case the day of the month was left blank, and in the last the date was omitted. The court held that filling in the day of the month in the one case and adding the date in the other were authorized by the delivery of the paper thus defective. These cases are pressed upon us as analogous, because it is said that a note is perfect without any date; and it was urged in one of these cases that, *Page 38 
therefore, the addition of a date was an alteration. The court answered this suggestion by saying: "The defendant must have contemplated the addition of the date before the note was to be passed, for it was payable at the Mechanics and Farmers' Bank. It is believed to be the invariable custom of banks to discount no paper without a date." The omission was regarded as a blank which might be filled up. It was suggested by the counsel for the plaintiff that interest is usually added after the place of payment; and that element being left blank authorized the addition of these words, in connection with the place of payment. This is not tenable. It is not a universal custom for notes to bear interest. Again, it is not essential nor universal to insert interest after the place of payment. If it was the words, "with interest," have no connection with the place of payment. They relate to the amount to be paid; and an authority to fill a blank for the place of payment, does not include or involve an authority to insert interest. There was no blank to be filled up for the insertion of an obligation to pay interest. The insertion of those words was an alteration of the note as it existed when indorsed and delivered to the maker, and it was material; and unless some authority can be shown besides the circumstance of the delivery of the note to the maker, it is invalid as against the indorser.
The rule that "whenever one of two innocent parties must suffer by the acts of the third, he who has enabled such third person to occasion the loss must sustain it," is not applicable for the reason that the indorser did not, in any legal sense, enable
the maker to make the alteration. He indorsed a note for a specific sum, which, as we have seen, conferred no authority upon the maker to change or alter it. If it did, indorsers would occupy a perilous position. An indorsement of a note of $1,000 would authorize the maker to change it to $10,000. It matters not whether the amount is large or small, the principle involved is the same.
The judgment must be reversed and a new trial granted, costs to abide the event.
All concur. Judgment reversed. *Page 39