WILLIAM E. REEVES, RESPONDENT, *v.* EDWARD PIERSON, APPELLANT, IMPLEADED WITH SPENCER H. BROWN AND ELLEN A. BROWN.

*Note—what unauthorized alteration thereof, will discharge an indorser.*

In an action brought upon a joint and several promissory note made by a husband and wife, and indorsed by the payee and others, one of the indorsers set up as a defense that the note was, after the making and indorsement thereof, materially altered, without his knowledge or consent, by the insertion in the body thereof of the following words, " and the said Ellen A. Brown makes this note a charge upon her separate estate."

*Held*, that the facts so alleged constituted a good defense to the action, and that it was error to sustain a demurrer interposed thereto by the plaintiff.

APPEAL from an order made at a Special Term, sustaining a demurrer interposed by the plaintiff to the third defense set up by the defendant Pierson.

*George B. Gillespie*, for the appellant.

*Henry Parsons*, for the respondent. The alteration was not material as to the defendant Pierson, as it in no way could affect his contract of indorsement or vary his attitude to the contract as indorsed by him. (*McCaughey v. Smith*, 27 N. Y., 39; *Card v. Miller*, 1 Hun, 584; 2 Parsons on Cont., 6 ed., 718; *Hunt v. Bennet*, 6 Mass., 519; *Brown v. Pinckham*, 18 Pick., 172; *Chase v. Howard*, 17 Hun, 5; *Shuler v. Gillette*, 12 Id., 278; *Flint v. Craig*, 59 Barb., 319.)

DYKMAN, J.:

This action is on a joint and several promissory note, made by Spencer H. Brown and Ellen A. Brown, his wife, to the order of the defendant Swan. It was indorsed by Pierson, and then indorsed by Swan to the plaintiff. Pierson, for an affirmative defense, alleges in his answer that after the making and indorsement of the note, and before the commencement of this action, the note was materially altered without his knowledge or consent, by inserting in its body the words, "and the said Ellen A. Brown makes this note a charge upon her separate estate." To this defense a demurrer was interposed, which was sustained by the court below. This decision seems to have been made upon the theory that the contract of the indorser is distinct from that of the maker, and that, while the alteration of the note might discharge the maker it cannot be set up in discharge of the indorser, because it is not a change in his contract. This position has no foundation in law. An indorser of a promissory note is a surety, and the contract which the law writes for him is that he will pay the paper indorsed, upon its maturity, on demand of the maker and notice to him, and beyond the strict bounds of this obligation his liability cannot be extended. It is quite true that his contract is independent from that of the maker, but he is a surety, nevertheless, and has all the rights of that relation. Among the most prominent of these is the rule that there shall be no transaction with the principal debtor without his knowledge. (*Calvo v. Davies*, 8 Hun, 222, and 73 N. Y., 211.) So strict has the rule become that a surety is not to be held beyond the precise stipulations of his contract, that courts will not stop to inquire whether changes are injurious or beneficial. If they are

material they vitiate. (*Paine* v. *Jones*, 14 Hun, 580, and 76 N. Y., 274.) The alteration in this case was material and sufficient to discharge the makers from all liability on the note, and certainly, if the holder has discharged the makers from their obligation to pay the note without the knowledge or assent of the indorser, the latter is discharged also.

In the case of *Woodworth* v. *Bank of America* (19 Johns., 391), a promissory note was indorsed in blank and returned to the maker, who, without the knowledge or consent of the indorser, wrote on the margin the words " payable at the Bank of America, J. K.," and in an action by the bank against the indorser it was held by the old Court of Errors that the memorandum in the margin was a material alteration of the contract, which discharged the indorser from his liability. *McGrath* v. *Clark* (56 N. Y., 34) was an action on a promissory note against the defendant as indorser. When the defendant made his indorsement the note was as follows:

" $175.    Whitehall, N. Y., Nov. 27, 1868.
          After date I promise to pay Wm. McGrath, or bearer, $175, at

                                        " E. D. LANDON."

After the note was indorsed it was delivered to the maker, who filled in the blank by inserting the time and place of payment, and adding the words " with interest." The Court of Appeals held that the delivery of the note to the maker gave him an implied authority to fill the blanks by inserting a time and place of payment, but that it did not authorize the addition of the words " with interest;" and that this was a material alteration, which invalidated the note as against the indorser in the absence of proof of authority therefor, aside from the delivery. It will be seen in that case the alteration was made by the maker, who was, therefore, bound by it, and yet the indorser was held to be discharged thereby.

The decision of the court below was erroneous, and the judgment must be reversed, and judgment given for the defendant on the demurrer, with costs.

Barnard, P. J., concurred; Gilbert, J., not sitting.

Order sustaining demurrer reversed, and judgment for defendant. given upon demurrer, with costs.