BENJAMIN B. CONABLE, RESPONDENT, *v.* EDGAR K. SMITH, APPELLANT, IMPLEADED WITH CHARLES K. BROWN, RESPONDENT.

*Altered note — an indorser is estopped by the recital of a note, as altered, in a release, under seal, of the maker, executed by such indorser.*

In an action brought by a *bona fide* holder of a note against the indorsers thereof, a defense was interposed setting up that a material alteration had been made therein after its indorsement, by adding to the note the words "and interest after the first day of March next." It appeared upon the trial of the action that the maker became bankrupt, and his assignee applied to the indorsers to consent to the release of the maker, and thereupon, in consideration of a percentage of its face being paid to the holder of the note, the indorsers, by an instrument under seal setting forth the note as altered, consented to the release and discharge of the maker from all liability upon the note, and covenanted that such release should not affect their liability thereon. The holder thereupon discharged the maker from all liability to the holder of the note for the amount remaining due.

*Held,* that the indorsers were estopped by such action on their part to set up as a defense that the note had been altered.

*Semble,* that it was immaterial whether the indorsers understood the contents or legal effect of the release, it not appearing that the holder of the note had done any act to prevent them from so doing.

APPEAL by the defendant Edgar K. Smith from a judgment, entered in the office of the clerk of the county of Wyoming on the 15th day of June, 1878, in favor of the plaintiff, after a trial at the Wyoming Circuit before the court and a jury, at which a verdict was rendered in favor of the plaintiff for the amount of certain notes.

*L. W. Thayer*, for the appellant.

*Byron Healey*, for the plaintiff, respondent.

DWIGHT, P. J. :

The action was against the two indorsers, the defendant Smith and one Brown, of a promissory note made by one Garretsee and delivered to the plaintiff before due, for value. Two defenses were set up by the answer — one of a material alteration in the note after its indorsement, the other of usury. The latter defense was abandoned on the trial and the case seems to have been submitted to the jury on two questions of fact: (1.) Was there a material alteration in the body of the note after its indorsement by the defendants ? (2.) If so, was that alteration ratified, or objection on account thereof waived by the defendants, or were the defendants estopped from alleging such alteration as a defense to the plaintiff's action ?

The alleged alteration consisted of the addition of the words " and interest after the first day of March next " at the end of the note. The note was dated February 1, 1871, and was drawn and executed by both maker and indorsers about that time, but was not negotiated until about the last of that month, when, as the allegation is, the words in question were added.

There was no motion on the part of the defendants for a nonsuit, nor for the direction of a verdict, so that the defendants are not in position to question the propriety of the submission of either of the questions of fact to the jury. Those questions were not separately submitted, so that it cannot be certainly affirmed whether the jury found in favor of the plaintiff upon both, or upon which of the questions submitted; but even if it were to be assumed that the finding was in favor of the defendants on the question of the alteration of the note, we think the verdict in favor of the plaintiff was conclusively supported by a finding in his favor on the second question of fact above stated, viz. : Of conduct on the part of the defendants constituting a ratification, a waiver or an estoppel.

The undisputed facts bearing upon this branch of the case are, that within the year after the note was made, Garretsee, the maker, became bankrupt and his assignee took measures to procure a compromise with his creditors at the rate of twenty-five cents on the dollar of his indebtedness. Accordingly, application was made to the defendants, as indorsers of the note in question, to consent to his release from liability on that note, on payment by or for him of the agreed percentage of the amount due thereon, and they thereupon executed an instrument in writing, under seal, which set out a copy of the note in the same terms as those in which the note sued upon is set out in the complaint, including the alleged alteration or addition, whereby they gave their consent, in the most formal and explicit terms, to the release and discharge of the maker of the note, from all liability thereon upon the receipt and indorsement by the holder, of twenty-five per cent of the amount due thereon; and covenanted that such release and discharge should not in any manner affect or modify their liability as indorsers for the remaining seventy-five per cent of such amount due, etc. And thereupon the plaintiff, as the owner and holder of the note, did accept from the assignee of Garretsee the percentage agreed upon and indorsed the same on the note, and executed a full and formal discharge of the maker from all liability thereupon. Of course this transaction on the part of the defendants constituted a complete ratification or adoption by them of the contract as represented by the note as it was set out in the instrument executed by them, unless they have, in some way, overcome the presumption which arose upon their execution of that instrument, that they knew its contents, including the terms in which the note was set out therein; and that question seems to have been submitted to the jury. This was quite as much as the defendants were entitled to ask; because, as we suppose, upon the question of estoppel, there was no question at all for the jury. The defendants expressly admitted on the trial that the plaintiff was the owner of the note in good faith; that is, without any knowledge or reason to believe that the note did not truly represent the contract both of maker and indorsers. Such being the case, the defendants, in order to induce the plaintiff to release the maker of the note from liability for seventy-five per cent of the amount for which it stands, unite

in a solemn and formal instrument under their hands and seals, by the terms of which they represent the note indorsed by them to have been in the terms of that in his hands, and consent and request him to release the maker from liability thereon to the extent mentioned, and declare that such release, if made, shall not in any manner affect their liability as indorsers thereon. And thereupon, and in reliance thereupon, the plaintiff does release the maker as requested and surrenders the security of the contract of the latter to the extent of seventy-five per cent of the note. It is impossible to entertain the proposition that the defendants can escape the effect of this instrument as *an estoppel*, on the ground that they did not know what the instrument contained, unless the plaintiff himself is in some way responsible for their ignorance, and of that there is no pretense.

The defendants execute the instrument of their own accord, so far as the plaintiff is concerned, and thereby induce him to relinquish his claim upon the maker of the note in reliance upon their representation that they are liable as its indorsers, and their promise to pay it notwithstanding his release of the maker. The case presents all the features of an estoppel, and its effect is not dependent upon the question whether the defendants knew what the instrument contained. It was their business to know; they had every opportunity to know; the plaintiff was not responsible if they did not know; and the effect upon his rights and interests was the same whether they knew or not. We think the plaintiff would have been entitled to the direction of a verdict in his favor if it had been asked for. Certainly, upon the finding of the jury that the defendants were not ignorant of the contents of the instrument signed by them, the verdict was undoubtedly correct.

There was no motion for a new trial, so that we are not permitted to inquire as to the sufficiency of the evidence upon any question submitted to the jury. The judgment appealed from must be affirmed.

MACOMBER and LEWIS, JJ., concurred.

Judgment appealed from affirmed.