(10 Misc. Rep. 359.)

### MT. MORRIS BANK v. LAWSON.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

1. APPEAL—REVIEW—DIRECTION OF VERDICT.
   On appeal from a judgment on a verdict directed by the court, the defeated party is entitled to the benefit of every fact in his favor which the jury were authorized to infer from the evidence.

2. ALTERATION OF INSTRUMENTS—BONA FIDE HOLDERS.
   An unauthorized and fraudulent alteration of a negotiable note by an indorsee avoids it in the hands of a bona fide holder for value, as against the maker.

3. SAME—ACTION FOR ORIGINAL CONSIDERATION.
   Nor, in the absence of an assignment of the consideration, can an ac-tion be maintained by such holder for the original consideration of the note so altered.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by the Mt. Morris Bank against Robert C. Lawson. From a judgment of the city court (27 N. Y. Supp. 272) modifying a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Henry M. Goldfogle, for appellant.
Daniel Whitford, for respondent.

PRYOR, J. In an action on a negotiable promissory note against the maker, the plaintiff was a bona fide holder for the value; but the evidence sufficed to show that after execution, and before transfer to the plaintiff, the note had been fraudulently altered by an inter-mediate indorsee, in the unauthorized interpolation of the words "with interest." The court directed a verdict for the plaintiff. On appeal the general term of the court below deducted interest from the recovery, and affirmed the judgment as thus modified; and this without proof of an assignment of the original consideration of the note to the plaintiff.

In contesting the correctness of the ruling in the direction of a verdict, the defeated party is entitled to the benefit of every fact in his favor which the jury were authorized to infer from the evidence. We are to assume, therefore, that the note was fraudulently altered by an indorsee in a material respect, without the consent and to the

prejudice of defendant, the maker. Upon what principle, then, is it possible for the judgment to stand? The ground upon which such an alteration is held to discharge the maker is that the identity of the note is destroyed, and the promise attempted to be enforced not his obligation. Gardner v. Walsh, 5 El. & Bl. 83. The reason of the rule, therefore, involves the corollary that an unjustifiable alteration of a contract avoids it, even though the modification be in ease of the obligor. Gardner v. Walsh, supra; Sanderson v. Symonds, 1 Brod. & B. 426; Brown v. Straw, 6 Neb. 537; Bowers v. Briggs, 20 Ind. 139; McVean v. Scott, 46 Barb. 379. Another obvious and inevitable consequence is that, since the altered note is not the promise of the defendant, it cannot be enforced against him even by a bona fide holder for value. One may not be bound by a contract which he neither made himself, nor authorized another to make for him. The plaintiff is not holder of the note made by the defendant, but of another and different note. That the defendant is not responsible on the note to the plaintiff, besides being a necessary deduction of reason, is settled by adjudication. Benedict v. Cowden, 49 N. Y. 396; McGrath v. Clark, 56 N. Y. 34; Nazro v. Fuller, 24 Wend. 374; Conable v. Smith, 61 Hun, 185, 15 N. Y. Supp. 924; and cases collected in note to Woodworth v. Bank, 10 Am. Dec. 267. Indeed, the point has been expressly ruled by the court which now decides otherwise. Flannagan v. Bank (City Ct. N. Y.) 2 N. Y. Supp. 488. The authorities adduced by the court below are altogether foreign to the question in dispute.

Conceding the unauthorized alteration of the note, the court below, at general term, rejected the interpolated words, and affirmed the judgment, with a deduction of interest. But how so? The note as made by the defendant, being canceled by the fraudulent alteration, was incapable of enforcement. Gardner v. Walsh, 5 El. & Bl. 82, and citations supra. And were the action for the consideration independent of the note, such consideration not having been assigned to the plaintiff, recovery would be impossible. Meyer v. Huncke, 55 N. Y. 413; Booth v. Powers, 56 N. Y. 22, 31; Kennedy v. Crandell, 3 Lans. 1; Clute v. Small, 17 Wend. 238, 240. Beyond doubt, the court erred in directing a verdict for the plaintiff. McGrath v. Clark, 56 N. Y. 34. Judgment reversed, and new trial ordered; costs to abide the event. All concur.