LOUISE MEISE, Respondent, v. JOHN H. DOSCHER and Another, Appellants.

*Indorsement of a note in blank — extent of the authority thereby conferred to fill in blanks therein — additions which vitiate the note as to the indorser — the question of payment is for the jury.*

The indorsement of a note in blank and the delivery of the same by the indorser is, in legal effect, an authorization to the person, to whom the note is delivered, to fill up the blanks therein; but if, in addition to filling up the blanks in the printed note, the words " with interest at the rate of five per cent per annum, payable semi-annually," be added thereto in the presence of the maker and the holder thereof, such insertion operates to invalidate the note as between

the indorser and the holder in the absence of proof of authority conferred by the indorser to make such addition to the note. Per PARKER, J.

Upon the trial of an action brought upon a promissory note, the defendant testified that he gave a check for a certain amount, personally, to the plaintiff, and the cashier of the bank upon which the check was alleged to have been drawn testified that about that time the bank paid for the defendant and charged to his account a check in that amount; the defendant also testified that he was unable to produce the check because it had been burned up. The plaintiff denied having received the check, or that the defendant at that or any other time gave her a check in such an amount.

*Held*, that an issue was raised upon the question of payment which should have been submitted to the jury. Per PARKER, J.

O'BRIEN, J., dissenting.

APPEAL by the defendants, John H. Doscher and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 18th day of October, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit.

*Joseph C. Rosenbaum*, for the appellants.

*J. George Flammer*, for the respondent.

PARKER, J. :

*McGrath* v. *Clark* (56 N. Y. 34) and *Farmers' National Bank* v. *Thomas* (79 Hun, 595) are not distinguishable from the case presented by this record and require that the judgment shall be reversed. as to the defendant Newman. About January 30, 1891, the defendant Henry Newman, at the request of John H. Doscher, who was engaged in business under the name of Doscher & Co., indorsed a note in blank and delivered it to Doscher.

The printed matter, upon the face of it, was like that in general use, and its delivery to Doscher had the legal effect of an authorization to him to fill up the blanks. But, in addition to filling up the blank spaces, there was also inserted the words "with interest at the rate of five per cent per annum, payable semi-annually." All the writing upon the face of the note, with the exception of the signature of "Doscher and Company," was placed thereon by the plaintiff's attorney in her and Doscher's presence. Unless then there was other authority, in respect to the form of the note con-

ferred upon Doscher by Newman than is evidenced by the delivery of the blank indorsed by him, the insertion of the provision relating to interest operated to invalidate the note as between this plaintiff and Newman.

The evidence does not suggest that at the time of this indorsement in blank Doscher and Newman discussed the matter at all. Indeed, the only evidence tending in that direction even consists of the fact that the three notes surrendered by the plaintiff, at the time the note in suit was given, also drew interest at the rate of five per cent per annum.

Newman testified that he had indorsed other notes in blank for Doscher, and whether the notes then held by plaintiff were so indorsed or whether Newman was to take them up, and, if so, whether Newman was aware of the addition of the words relating to interest, the record is silent. Indeed, there is no evidence that Newman knew that this note was given to the plaintiff as a renewal of other notes, or that he had any information of the particular use which was to be made of it by Doscher.

Under this evidence, therefore, it is at least doubtful whether there was sufficient evidence to go to the jury upon the question whether authority was given Doscher to fill in the words relating to interest, but we need not consider that question, as perhaps a different state of facts may be shown on the retrial.

As between the plaintiff and the defendant Doscher, the question of payment should have been submitted to the jury. The defendant Doscher testified that he gave a check for $1,562.50, personally, into the hands of the plaintiff, and the cashier of the bank upon which it was alleged to have been drawn testified that at about that time the bank paid for the defendant Doscher and charged to his account a check in that amount.

The defendant Doscher said he was unable to produce the check, because it had been burned up. Plaintiff denied having received the check, or that the defendant Doscher, at that or any other time, gave her a check in such an amount. There was other evidence bearing upon the question, but we have referred to enough of it to make it clear that it was for the jury to say whether the defendant Doscher paid to the plaintiff the sum testified to by him by means of a check. The exception taken by the defendants to the

refusal of the court to submit that question to the jury was well taken.

The judgment should be reversed and a new trial granted, with costs to the appellants to abide the event.

VAN BRUNT, P. J., concurred in the result.

O'BRIEN, J. (dissenting):

I dissent from the views of the majority of the court in this case. The plaintiff, in 1889, claimed an indebtedness against the defendant Doscher of $4,500, for which she held three promissory notes for $1,500 each, made by him and indorsed by the defendant Newman, which notes contained a statement, " with interest at five per cent per annum." In adjustment of such indebtedness the defendant Doscher, in addition to cash, gave two notes of $1,500 each, one of which is the note in suit, and thereupon surrendered the notes that he then held. It is conceded that the two notes for $1,500, which included the one in suit, were indorsed by the defendant Newman in blank at a time when there was nothing written on the face of the notes, and that at the time of the settlement between the plaintiff and the defendant Doscher the blanks in the notes were filled up. It is insisted, therefore, that as there was nothing on the face of the notes but the printed matter at the time of the indorsement, the adding of the words, " with interest at five per cent per annum, payable semi-annually," subsequent to the indorsement, was a material alteration of the instrument which relieved the indorser from liability.

Upon this contention Mr. Justice PARKER says : " *McGrath* v. *Clark* (56 N. Y. 34) and *Farmers' National Bank* v. *Thomas* (79 Hun, 595) are not distinguishable from the case presented by this record, and require that the judgment shall be reversed as to the defendant Newman." I think that this case is to be distinguished from both.

In *McGrath* v. *Clark* the defendant indorsed a promissory note, with the time and place of payment in blank, and delivered the same to the maker, who filled the blanks and added the words " with interest." It was held, that while the delivery of the note to the maker gave him authority to fill the blanks by inserting any time and place of payment he chose, it did not authorize the addition

of the words "with interest," and that this was a material alteration which invalidated the note as against the defendant, in the absence of proof of some authority therefor aside from the delivery. The distinction between that and the case at bar seems to me marked. There the only thing remaining to make a complete note was the filling up of the blanks for the time and place of payment; and the inserting of the words "with interest" necessarily increased the obligation by adding the amount of interest, and this without any evidence of authority, either express or to be implied from the nature of the blanks that were to be filled up. In the case at bar all blanks were to be filled up, and the note was given for the purpose of taking up another note of similar tenor, which in addition to the amount included interest; and it seems to me that there was just as much authority, upon these facts, to add the words in relation to interest as there was to insert the principal obligation represented by the notes that were retired.

*The Farmers' National Bank* v. *Thomas* is equally distinguishable. In that case it appeared that many times prior to indorsing the blanks upon which the notes in suit were written, one Seward had indorsed blank notes for the defendant Sanford as the notes in suit were indorsed. All of these notes had been made payable at specified times after date, usually about three months, and without interest; and it was, therefore, very properly held that by a delivery of a note in blank, indorsed by the person delivering the same, no implied authority is given to the person to whom the same was delivered to fill in in such note the words "with interest," when there was no blank left therefor, or to write in the blank preceding the words "after date," the words "on demand." As therein said : "The form of the blank notes indorsed clearly evinces that they were intended to be filled out and used as bank notes; that the holder was authorized to insert therein a specified time after date for their payment; that they were to be used by being discounted at the bank, and that they were not to be so drawn as to become a continuing security for the debt of the maker with interest. This not only appears from the form of the note, in which there was no blank for the words 'with interest,' and in which the blank preceding the words 'after date' plainly indicated that a specified time was to be inserted ; but it also appears from the course of dealing

between the parties which had existed for several years before the notes in suit were given.   *   *   *   When changed to a note payable on demand with interest, it became a continuing security for the amount of the note and interest.   On such a note the indorser's liability would be measured neither by any definite time nor definite amount.   He would remain liable until an actual demand was made.   If kept alive as to the maker, it might remain unpaid and the indorser's liability continue until the interest equaled or even exceeded the principal debt, and the Statute of Limitations would be no bar to an action thereon."

Here the note in suit, although it contains the words " with interest at the rate of five per cent per annum, payable semi-annually," is a renewal and was intended by all parties interested to take the place of other notes similarly drawn and likewise bearing interest at the same rate.

Apart, however, from this, I do not think there was any proper plea of unauthorized alteration of the note, nor do I think the evidence offered sufficient to sustain any such defense, and upon the record as it stood on this question I think the court was right in directing a verdict.

Upon the question of payment no evidence was presented tending to show that any payment was made upon the two notes of which this in suit is one, the answer alleging that when the settlement was made and the two notes given the plaintiff falsely and fraudulently stated that Doscher was indebted to her in the sum of $4,922.86 as a balance owing in certain transactions between them, and that believing such statements to be true and relying thereupon, he was induced to pay the plaintiff $1,922.86 in cash and deliver to her the note in suit.  As said, Doscher admitted that no claim had ever been made by him that payment had been made on account of the note in suit since its delivery to the plaintiff, but he attempted to show that at the time the settlement between him and the plaintiff was entered into, he was not indebted in the amount of $4,922.86, because he had made prior to that time other payments for which he had not received credit.  This would have been entirely competent and proper, and would have presented a question for the consideration of the jury if the other portion of the defense

had been in any way sustained, that at the time of the settlement any false or fraudulent representations had been made by the plaintiff. It clearly appears, however, that at the time of the settlement the plaintiff made no representations, false or otherwise, but, upon a claim that an amount represented in notes was due her, an adjustment was had between the parties, and the note in suit, with the other note and cash was given in settlement.

In this state of the record, I do not see that there was anything else for the court to do but to direct a verdict, because there was no evidence of any payment upon the note in suit, and that portion of the answer alleging that the plaintiff falsely and fraudulently represented an indebtedness which was not due utterly failed. I think, therefore, that the judgment was right and should be affirmed, with costs.

Judgment reversed, new trial granted, costs to appellants to abide event.