(72 Misc. Rep. 400.)

### DUMBROW v. GELB et al.

(Supreme Court, Appellate Term. June 29, 1911.)

1. BILLS AND NOTES (§ 343*)—TRANSFER—BONA FIDE HOLDER.

One taking a note with knowledge that an indorser had signed the printed forms before they were filled out and signed by the maker is not a bona fide holder for value with respect to the indorser.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 853–865; Dec. Dig. § 343.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BILLS AND NOTES (§ 256*) — DISCHARGE OF INDORSER — FILLING IN OF BLANKS.

 Where defendant, before it was filled in by the maker, signed a note on a printed form containing no provisions as to interest, and did not give the maker authority to add such provision, such authority cannot be implied from the delivery of the note, not being necessary to the completion of the note, and being repugnant to the intent of the form; and hence the addition of such provision discharged the indorser, under the direct provisions of Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 33.

 [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 581–599; Dec. Dig. § 256.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jacob Dumbrow against Isidor Gelb and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Argued before SEABURY, GUY, and BIJUR, JJ.

Leo Schafran, for appellants.

Philip Goldfarb, for respondent.

GUY, J. The defendant herein appeals from a judgment in favor of plaintiff entered upon the verdict of a jury. Suit is brought to recover upon two promissory notes, which were indorsed by the defendant before the printed forms of the notes had been filled out and signed by the maker. In addition to filling out the blank spaces upon the face of the note, the maker, before signing the same, added, in ink, the words "with interest."

[1] The plaintiff took the note with knowledge that it had been indorsed before it was filled in and signed by the maker, and therefore is not a bona fide holder for value. See Hunter v. Bacon, 127 App. Div. 572, 111 N. Y. Supp. 820; Davis Sewing Machine Company v. Best, 105 N. Y. 59, 11 N. E. 146. The defendant indorser denies that the maker of the note had any authority, express or implied, to fill out the note with the words "with interest" added, and therefore contends that the note never created any legal obligation on the part of said defendant.

[2] Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 33, provides that:

 "Where the instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein * * * for any amount. In order, however, that any such instrument, when completed, may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time."

No evidence was introduced as to whether the filling up of the instrument in question was within a reasonable time, and no such defense was offered on the trial. The question involved upon this appeal, therefore, is whether the implied authority given to the maker of the notes in suit by the defendant indorser extended to the adding of the words "with interest," which did not appear on the original printed blank when indorsed by the defendant. The evidence shows

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the only conversation which occurred at the time of the indorsement was the maker's statement to the indorser, "I want you to help me out," which was followed by the indorsing of the blank notes. The testimony of both the maker and the indorser is to the effect that nothing more was said on that occasion or subsequently on the subject of the making and indorsing of the notes.

On this evidence it seems clear that the adding of the words "with interest" was done without authority. "In the absence of an express agreement, no authority can be implied from the delivery to insert anything not necessary to the completion of the note in accordance with the form when delivered, and nothing can be inserted or added which would vary or alter its material terms, or be repugnant to what was expressed in the instrument when delivered." Farmers' National Bank of Adams v. Thomas, 79 Hun, 595, 29 N. Y. Supp. 837.

The changing of the notes by adding the words "with interest" was repugnant to the plain intention as expressed by the printed form of the notes, and the act of so altering them rendered them void in the hands of the plaintiff, who had knowledge of such limitation. See Meise v. Doscher, 83 Hun, 580, 31 N. Y. Supp. 1072; McGrath v. Clark, 56 N. Y. 34, 15 Am. Rep. 372.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.