(81 Misc. Rep. 165.)

LEVY et al. v. ARONS.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

ALTERATION OF INSTRUMENTS (§ 5*)—NOTES—PROVISIONS FOR INTEREST.

    Addition of the words "with interest" to a note after execution is a material alteration, which will vitiate the note if made with a fraudulent intent, but not so where it is done innocently, or to correct a mistake in drawing the note, so as to make it express the real contract of the parties.

    [Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig. §§ 18–29; Dec. Dig. § 5.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Morris Levy and others against Isidore Arons. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Alexander A. Mayper, of New York City, for appellants.

Groehl, Weiss & Neuwirth, of New York City (John J. Weiss and Henry C. Neuwirth, both of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiffs sued upon a note made by the defendant. The plaintiffs claim that they are holders for value of the note by assignment from the original payee. The defendant, on the other hand, denies that the plaintiffs are holders for value, and claims that the original payee fraudulently altered the note by inserting the words "with interest" after execution.

It is not disputed that the payee did insert these words after execution. If he inserted these words with fraudulent intent, it was a material alteration, which vitiates the note (Columbia Distilling Co. v. Rech, 151 App. Div. 128, 135 N. Y. Supp. 206; McGrath v. Clark, 56 N. Y. 34, 15 Am. Rep. 372); but—

"sometimes an alteration in a note seemingly material, and such as may prima facie render it void, is innocent, and does not vitiate the instrument. So it is when it is done to correct a mistake in penning the note, or to make it express the real bargain of the parties, or to give the proper legal form to the instrument. In such case the payee has the right to enforce it." Booth v. Powers, 56 N. Y. 22, at page 31.

In this case the payee testified that the maker had authorized the insertion of these words, and the defendant, though present at the trial, failed to make any direct denial of this testimony. Moreover, it appears that the original debt was immediately payable, and it is fairly inferable that the note, which was given for the purpose of postponing the payment of the original debt, was intended to bear interest. It would therefore seem that, though the alteration would prima facie vitiate the note, it was made with the intent of expressing the real bargain of the parties, and that consequently the plaintiffs, even if they

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

are not purchasers for value, are entitled to enforce the note, at least according to its original tenor.

Judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.

