ALEXANDRIA WAJDA, Plaintiff, *v.* PAUL CZELUSTA and Another, Defendants.

Supreme Court, Erie County, June 24, 1935.

*Matthew Weimar*, for the plaintiff.

*Stein & McDonough* [*Charles J. McDonough* of counsel], for the defendants.

HINKLEY, J.   This is an action for the specific performance of a contract for the exchange of real properties.   The contract, under seal, provided for exchange by plaintiff, of a plot of land and buildings in the town of Middleport, county of Niagara, for property of defendants consisting of a plot of land and buildings in Buffalo, Erie county, together with a farm in West Seneca, Erie county. The contract also provided for an exchange of personal property.

The original contract provided for an even exchange and specified that the consideration upon each side was equal, to wit, $8,000.

The contract was drawn by a real estate broker who claims that he was entitled to receive a commission from each party. In that form the broker first procured the signatures of the two defendants.   The broker and the defendant Josephine Czelusta took the contract to Middleport, Niagara county, where the plaintiff lived.   The defendant Paul Czelusta had no further connection with the contract save to later repudiate it in its altered form. There is no dispute of the testimony that the broker made certain definite changes in the contract after the defendants had signed the same and prior to the time when the plaintiff affixed her signature.   One of the alterations is concededly very material.   The original contract provided for an even exchange of properties. The contract was changed by the addition of these words: " It is still further agreed that the parties of the second part [the defendants herein] are to pay to the party of the first part [the plaintiff herein] the sum of four hundred ($400.00) dollars being part of the consideration."   At the side of the paragraph were placed the letters " O. K." and beneath the paragraph the defendant Josephine Czelusta signed her name.   Just above that paragraph the contract was changed so that the consideration of the city of Buffalo property remained $3,000, but the consideration of the farm property in West Seneca was made $4,600.   This change provided for a differential created by the added obligation of second parties to pay $400 in cash in addition to the transfer of their properties.

The defendant Paul Czelusta testified that the commissions of the broker were not specified in the contract when the contract was signed by the defendants.   That is not of importance in the determination of this case except as it bears upon the testimony of the broker.   The contract provides that commissions of $400 shall be paid by the plaintiff herein and $288 by the defendants. According to the testimony of the broker he had an oral agreement

with the plaintiff to receive $300 and an oral agreement with defendants to receive only $50, the latter amount having been paid.

There is no claim that the defendant Paul Czelusta ever consented in writing or orally, directly or indirectly, to the alteration of the contract after his signature was affixed thereto. There is testimony by the broker, which is disputed by the defendant Paul Czelusta, that the latter " told his wife to go to Middleport and that whatever his wife would do that it would be perfectly all right with him."

The defendant Paul Czelusta repudiated the contract in its altered form and this action was commenced for specific performance. The demand in the complaint for $10,000 damages was, by consent upon the trial, stricken out.

The instrument in question is under seal (General Constr. Law, § 44). There is no proof that defendant Paul Czelusta executed any instrument under seal designed to modify the original contract. " Authority to execute sealed contracts was and still is invalid at common law unless itself under seal." (1 Williston Cont. § 275.) " It is the rule in such a case as this that it was necessary that a contract designed to modify the first one so far as unexecuted should itself be under seal." (*Cammack* v. *Slattery & Bro., Inc.*, 241 N. Y. 39, at p. 45; *Nat. Bank of Rochester* v. *Erion-Haines Realty Co.*, 224 App. Div. 642, 646; *Enthoven* v. *Enthoven*, 225 id. 309, 311; *Adams* v. *Judson*, 243 id. 404, 410.)*

The contract in question was entirely unperformed and does not, therefore, come within the exceptions to the rule. Two of these exceptions are " When the modified contract is wholly executed on both sides the plea that the modification is not under seal will not avail the parties (*Thomson* v. *Poor*, 147 N. Y. 402)," and " Where it has been partly executed on one side the reason for the rule is gone and its strict application becomes a mere technicality " (*Harris* v. *Shorall*, 230 N. Y. 343, 349). The facts of this case do not bring it within other exceptions to the rule such as enlargement of time.

The court does not give credence to the testimony of the broker to the effect that the defendant Paul Czelusta gave oral permission or direction to his wife as his agent to alter the sealed instrument. If true, it would not avail the plaintiff. " An instrument not under seal purporting to authorize an agent to execute an agreement under seal would be a mere nullity." (*Peterson* v. *City of New York*, 194 N. Y. 437, at p. 440.) " Persons relying upon the agent's authority to modify by parol a solemn, sealed instrument after execution by the principal in person, do so at the risk of being

* See Civ. Prac. Act (§ 342, as amd. by Laws of 1935, chap. 708); *Cochran* v. *Taylor* (156 Misc. 750, 754).

bound by the contract as it was made." (*Dudley* v. *Perkins*, 235 N. Y. 448, at p. 456.) Whatever alterations were made in the contract by the broker were not in the presence of the defendant Paul Czelusta, and the facts in the case do not, therefore, bring it within the exception that a valid contract under seal may be executed by an agent in the presence of his principal. Authority to execute, release, dissolve or ratify a sealed instrument can only be given by an instrument of as high a dignity or solemnity. (Story Agency [8th ed.], §§ 49, 242, 252.) The Statute of Frauds (Real Prop. Law, § 259) might have been available to defendants had it been pleaded. To admit evidence of a subsequent verbal arrangement would vary by parol the substance of a contract valid only because in writing and this cannot be done without a violation of the statute. (*Weston* v. *Ives*, 97 N. Y. 222.) Section 259 of the Real Property Law requiring a note or memorandum in writing, if a defense, is not available as not having been pleaded. (*Matthews* v. *Matthews*, 154 N. Y. 288.)

Even though we were to view the contract as it was presented to the plaintiff as an offer by the defendants, the same result follows. " A proposal to accept the offer if modified or an acceptance subject to other terms and conditions was equivalent to an absolute rejection of the offer made by the plaintiffs." (*Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310, 319.)

The alteration of a contract by the broker after its execution by defendants and prior to the signing of her name by the plaintiff operated as a discharge of any obligation upon the part of the defendants. " The question [of the discharge of a contract by alteration] may arise in any case where a writing is entrusted to an agent to deliver and is altered before delivery. It seems clear on principle that, however innocently * * * the alteration may have been made, so long as it is material, a non-assenting obligor cannot be held. He cannot be held on the obligation in its altered form, because he never made or assented to such an obligation." (3 Williston Cont. § 1913; *McGrath* v. *Clark*, 56 N. Y. 34; *Crawford* v. *West Side Bank*, 100 id. 50.)

The contract, though reciting but two parties, a first and second, yet concerned three individuals. It is not necessary to determine whether the failure to obligate one of the second parties to the terms of the purported agreement operated in like fashion to defeat any remedy to compel specific performance by the other second party. The purported contract in this instance required the signatures of three persons to make it effective. Since one of the three persons did not execute the purported contract, it never had an inception and, therefore, was void.

In the light of this decision the determination of the other questions raised upon the trial and in the briefs of counsel is not required.

Judgment may be entered in favor of the defendants and against the plaintiff, dismissing the complaint, with taxable costs.