## Sebra Rathbun v. Frederick Ranney.

*Writ of return in replevin, what sheriff to issue to.* A writ of return upon a judgment in replevin cannot be issued to the sheriff of any county, except that in which the judgment was rendered.

*Sheriff—damages in replevin when property taken on void writ,* Where a person who is not shown to have derived title or possession from either party to the

JULY TERM, 1866, at LANSING.

383

RATHBUN v. RANNEY.

replevin suit, sues a sheriff who took property from him under such a void writ, his damages cannot be affected by the replevin proceedings, to which he is not shown to have been privy.

*Heard May 4th. Decided July 11th.*

Error to Kent Circuit.

Bridget Bennet brought an action of replevin in the Ottawa Circuit against Levi Shackelton and Alfred Cain, for a dun horse and other property. In October, 1837, the action was tried, resulted in favor of defendants, and judgment for the return of the property was given.

On the 23d of October, 1857, an execution of return was issued to the sheriff of Kent county, and on the next day the defendant Rathbun, as a deputy of the sheriff of Kent county, executed the writ by taking said dun horse, found at Grand Rapids, in the possession of Ranney, and delivering it to Shackelton.

In March, 1858, Ranney sued Rathbun and Shackelton in trespass, in the Kent Circuit. Shackelton was never served, nor did he appear. Rathbun pleaded and justified under said execution. At the trial, Ranney simply proved his possession of the horse at the time Rathbun took it under the execution of return, the taking by Rathbun, and the value of the horse.

Rathbun fully proved his justification.

The Court held that the execution of return was void, as such a writ could lawfully run only to, and be executed by the sheriff of Ottawa county. Judgment was therefore given for Ranney for the full value of the horse.

*G. V. N. Lothrop*, for plaintiff in error.

The Court erred in ruling that the execution of return could run only to the sheriff of Ottawa county.

The statute is explicit. All executions, whether against person or property, may run to the sheriff of any county in the State.—2 *Comp. L.* § 4448 ; *L.* 1847, 172.

This writ (*retorno habendo*) is a common law writ, and a true execution.—2 *Tidd Pr.* 993, 1038; 3 *Burr. Pr.* 125, 126.

RATHBUN v. RANNEY.

The law would be very defective which restricted the right to have any execution to the county, where judgment was recovered. The very object of an execution is to secure the fruit of judgment. Of what use to issue it to a county where the command cannot be executed? In this case the Judge held that we could have had this writ to the sheriff of Ottawa. But the facts show that this would have been useless.

2. Ranney proved only possession. Sometimes possession of personal property raises presumption of title. But it did not in this case. The facts showed a prior possession in Shackelton. Bridget Bennet then got possession by replevin, and so far as the facts imported anything, Ranney held under her. This destroyed all presumption of title in Ranney from his possession.

It was therefore incumbent on Ranney to show some good title, either general or special. Otherwise he could not recover any damages.

A mere depositary may indeed recover in trespass against a wrong-doer on the simple ground of possession.

But if Ranney held only through Bridget Bennet,—and this is all his possession imports in this case,—then Rathbun and Shackelton were not wrong-doers as to him. Their title was better than his. They had a better right to possession.

*Moore* and *Griffin*, for defendant in error.

1. The Circuit Judge was correct in deciding that the writ of return could only be directed to, and be served by the sheriff of Ottawa county.

The eighth section of chapter 113, Compiled Laws, declares: "That the Circuit Courts, within and for their respective counties, shall have and exercise original and exclusive jurisdiction of all civil actions," &c.

Though their jurisdiction is general over the subject matter of suits, yet, in respect to persons and property, in cannot be

exercised beyond the limits of the county.—4 *Mich.* 180; 10 *Wend.* 592.

2. Writs issuing from the Circuit Court of one county, for the purpose of enforcing a judgment or collecting the same, cannot be directed to the sheriff of another county, except in certain specified cases, authorized by Law.—4 *Litt.* (*Ky.*) 375; 2 *Comp. L.* § 4442; 2 *Pike, Ark.* 494.

When the jurisdiction of certain counties is made common, it is also expressly provided that civil process from each of said counties may run into the territory over which they exercise such common jurisdiction. — 1 *Comp. Laws,* §§ 304–314.

From the cases above cited, we think it is clear that no original writ can run out of the county, unless expressly authorized by statute. The statute has provided full protection, by bond, for parties in such cases as the one at bar.—2 *Comp. L.* § 5014.

Plaintiff in error should seek his remedy on the bond.

3. The Circuit Judge was correct in rendering judgment for the defendant in error, for the value of the property.

A bare possession is sufficient to enable the plaintiff to recover in trespass against a wrong-doer, who takes the property out of his possession without authority.—1 *Chitty Pl.* 11*th Amer. ed.* 170, *and cases cited in note.* It is not necessary to prove ownership.—35 *Barb.* 298; 6 *Bosw.* 154. Possession is evidence of ownership.—20 *Ill.* 37, and entitles the plaintiff to recover full value of the property.—6 *Bosw.* 176; 2 *Head* (*Tenn.*) 398.

The question of title, as between Bennett and Shackelton, having been determined in the Ottawa Circuit Court in favor of Shackelton, cannot operate in the case at bar, to defeat a recovery on the part of Ranney.

We think, therefore, the Ottawa Circuit Court had no jurisdiction to issue the writ to the sheriff of Kent, for the purposes contemplated, and that the writ is a nullity.

14 MICH.—2 H.

CAMPBELL J.

Ranney sued Rathbun in trespass for taking away a horse from his possession in Kent county. Rathbun justified under an execution issued in a replevin suit in Ottawa county, whereby he was directed to make return to Levi Shackleton and Alfred A. Cain, of a horse and other property replevied from them by one Bridget Bennett. The Circuit Court ruled that the execution was unlawful, and gave judgment for the value of the horse and interest by way of damages. Exception is taken to the rulings.

The only statutes which in express terms allow executions, in ordinary cases, to run into different counties, are sections 4442 and 4444 of the Compiled Laws. By the former it is declared, that, whenever judgment is rendered in any Court of ·record, " *execution to collect the same may be issued to the sheriff, or other proper officer of any county of this state.*" Section 4444 provides that, " such execution may be either 1st, against the goods and chattels, lands and tenements *of the party against whom such judgment was recovered ;* or, 2nd, against the body of such party, in the cases authorized by law."

This statute does not apply to a writ of return, and embraces only the ordinary executions upon money judgments, which are to be " *collected*" by execution. It is claimed, however, that it extends by analogy to all kinds of executions upon all judgments. The statute of replevin gives no such directions, and we are remitted to the old law, to ascertain whether the various writs come under any necessary connection.

Under the old practice in replevin in England, where a writ *de retorno habendo* was issued for a defendant, it was a good return that the chattels had been *eloigned*, or removed from the county; and the defendant then was remitted to his *capias in withernam*, or his remedy against the sureties. And a plaintiff in replevin was also compelled to resort to his *capias in withernam*, to seize other goods of the defendant, if the property was

removed from the county before the writ was served. A removal from the county in either case lost the party his claim to seize the property to which he was entitled.—3 *Bl. Com.* 149; *Tidd's Pr.* 1038; *Bacon's Ab.* "*Replevin,*" *E.* 5; *Fitzh. N. B.* 74 *F.*

Our statute does not provide, in any case, for a *capias in withernam* properly so called; but when the writ of replevin cannot be served upon the property, it allows the plaintiff to declare and proceed to judgment; and on such judgment, besides damages and costs, he is entitled to have it adjudged that the property be replevied and delivered to him without delay, and in default thereof that he recover the value as assessed, § 5034. We have here, then, a judgment containing the same requirements as to the specific property, as those provided where a defendant becomes entitled to return. The The statute, by section 5035, provides a special form of execution in such a case, in favor of the plaintiff, combining a command to collect the damages and costs, with a precept to replevy the goods. But in case the property is not found within the county, instead of allowing a further replevin in another county, it directs a levy of the value of the property out of the goods and chattels, lands and tenements of the defendant. This is in substance applying the principle of the *capias in withernam*, and recognizing the locality of the proceeding against the property as confined to the county. The analogies, then, are not such as to indicate the propriety of extending the operation of the statute on executions beyond its fair intent as expressed by its language. The Circuit Court was right, therefore, in holding the writ invalid.

There is nothing in the finding which will enable us to say that the rule of damages was incorrect. It appears, indeed, that Shackleton and Cain had obtained a judgment of return against Bridget Bennett for the horse in controversy, but such a judgment does not necessarily show title in them as against any one else, or even general ownership against any one. Ranney's title may, for anything that appears, be good against

all of them. He is not in any way connected with the other parties by the finding, and there is nothing to distinguish them, so far as he is concerned, from any other ordinary trespassers.

The judgment should be affirmed, with costs.

The other justices concurred.