# JUNE TERM, 1877.*

---

HENRY M. BRADLEY AND FREDERICK E. BRADLEY v.
HARLOW S. MANN.

*Alteration of Promissory Note.*

The addition of an interest clause to a promissory note without the consent of the indorser releases the latter even as against a *bona fide* holder for value.

Error to Bay.    Submitted April 6.    Decided June 12.

ASSUMPSIT on a promissory note.    The facts are in the opinion.

.*Hatch & Cooley*, for plaintiffs in error.    A note is made void by a material, unauthorized alteration (*Miller v. Finley*, 26 Mich., 249; *Holmes·v. Trumper*, 22 Mich., 427), such as changing the rate of interest (*Warrington v. Early*, 2 El. & Bl., 763; 2 Pars. Cont., 549), adding an interest clause (*Lubbering v. Kohlbrecher*, 22 Mo., 596; *Waterman v. Vose*, 43 Me., 504), or altering the time of payment (2 Pars. Cont., 550), and the defense is good against a *bona fide* holder for value and without notice.    *Downes v. Richardson*, 5 B. & A., 674; *Trigg v. Taylor*, 27 Mo., 245; *Wait v. Pomeroy*, 20 Mich., 425; *Stoddard v. Penniman*, 108 Mass., 366; *Draper v. Wood*, 112 Mass., 315.

*D. W. Perkins*, for defendant in error.

GRAVES, J.    Mann, as holder of a note of the following

---

tenor, brought this suit against the plaintiffs in error as endorsers to recover the amount it called for:

"*$700.                    Flint, Mich., Feb. 15*, 1875.

"*One year* after date I promise to pay to the order of *H. M. Bradley & Co. seven hundred* dollars at              value received, *with interest at ten per cent.*

H. WHITTLESEY."

On the back was written "H. M. Bradley & Co."

The instrument was prepared by filling up a printed blank, and the parts in italics were written, the rest printed.

The Bradleys were in business at Bay City as partners under the firm name of "H. M. Bradley & Co.," and Whittlesey, who appeared as maker, was in business at Flint.

Mann's father held an over-due note for seven hundred dollars of principal, and seventy dollars of interest, made by Whittlesey and endorsed by the Bradley firm for Whittlesey's accommodation, and the present note was prepared at Whittlesey's request to take up the first. It was drawn at Bay City under the direction of H. M. Bradley, and was then and there endorsed with the firm name, and sent by mail to Whittlesey at Flint. As thus drawn and endorsed it was complete except that it lacked the maker's name and did not contain the provision for interest which appears after the words for "value received."

On its receipt from the Bradleys by Whittlesey he added his name as maker, and at the same time added this interest clause. He then gave his own note to the elder Mann for the seventy dollars of interest, and defendant in error paid to his father the principal, being seven hundred dollars, and received the old note and surrendered it to Whittlesey for the note in suit.

On the trial the plaintiffs in error urged, among other things, that they, having endorsed the paper in the shape in which they had drawn it, and as calling for seven hundred dollars and no more, the addition made afterwards by Whittlesey without their consent, whereby it was so changed as to call for the further sum of seventy dollars, rendered it invalid as against them. And the defendant in error

urged, among other things, that he was a *bona fide* holder for value, and that as the addition made by Whittlesey occurred while the note was still in his hands as maker, and before delivery, the enlargement of the amount afforded no defense to the plaintiffs in error as endorsers.

In the course of his charge, the learned judge observed as follows: "Now, although the alteration of a note after it goes into the hands of a third person who may bring a suit upon it as payee or endorsee, would vitiate it; yet, while it is in an unfinished state, before it has been delivered, before it has become a promissory note in the hands of such holder, alterations may be made; and an alteration of an accommodation note, made by the maker under such circumstances, after having procured it to be endorsed, would not in general vitiate the note in the hands of a person who purchased it in good faith and for a valuable consideration."

The jury found in Mann's favor for the amount of the note.

Some question is made upon the sufficiency of the exceptions and charges of error, but we think there is no real foundation for it.

We are constrained to regard this charge as incorrect and misleading. The undertaking of the plaintiffs in error in regard to the amount was not left open and in blank, but was defined and settled when they prepared, endorsed and sent the instrument to Whittlesey, and they could not be made liable as upon a different undertaking without their consent. The moment he made the alteration in the amount there remained nothing to which their endorsement was applicable, no engagement they had consented to be liable upon, and it is their undertaking and not that of Whittlesey which is in question. The circumstance that the instrument had not left Whittlesey's hands and assumed the legal character of a finished note, or the fact, if it was so, that it was meant for Whittlesey's accommodation simply, could have no force to make his unauthorized alteration binding

on them without their assent, or to invest him with right to vary the extent of the liability they had predetermined for themselves. When the paper left their hands the amount of the obligation they assumed was as securely liquidated to preclude change without their consent, as it would have been if the instrument had then become effective, and the endorsement had been as the defendant in error insists it was, and as it may have been, a non-accommodation one. The authorities are so full and distinct against the doctrine of the charge that it is only necessary to cite them. *Miller v. Finley,* 26 Mich., 249; *Holmes v. Trumper,* 22 Mich., 427; *Wait v. Pomeroy,* 20 Mich., 425; *Trigg v. Taylor,* 27 Mo., 245; *Waterman v. Vose,* 43 Me., 504; *Fay v. Smith,* 1 Allen, 477; *Draper v. Wood,* 112 Mass., 315; *McGrath v. Clark,* 56 N. Y., 34; *Benedict v. Cowden,* 49 N. Y., 396; *Fulmer v. Seitz et al.,* 68 Penn. St., 237; *Wood v. Steele,* 6 Wall., 80; *Ætna National Bank v. Winchester,* 43 Conn., 391; *Schnewind v. Hacket,* 54 Ind., 248.

Another point is mentioned in the brief, but it does not appear very well grounded, and there is no occasion to discuss it.

The judgment should be reversed, with costs, and a new trial granted.

The other Justices concurred.