116  619
s 120  657

1. PROMISSORY NOTES—EVIDENCE.

    In an action on a note, defendant was permitted to cross-examine plaintiff as to his knowledge of a co-maker's insolvency, and the conveyance of some of his property to plaintiff. There was no pretense that the property was conveyed for the purpose of paying the note. *Held*, prejudicial error.

2. SAME—COMPARISON OF HANDWRITING.

    In an action on a note, defendant claimed that the instrument had been altered, without his consent, by filling in a space which he had left blank. *Held*, that it was error to permit him to put in evidence other notes written by him, for the purpose of having the jury compare the handwriting.

Error to Shiawassee; Smith, J. Submitted April 6, 1898. Decided April 19, 1898.

*Assumpsit* by William Weidman against George B. Symes upon a promissory note. From a judgment for defendant, plaintiff brings error. Reversed.

*Selden S Miner*, for appellant.

*Watson & Chapman*, for appellee.

MOORE, J. Plaintiff sued defendant upon a promissory note, given in 1890, signed by John McBride and the defendant. Defendant, by way of defense, claimed that he signed the note as an accommodation maker, and had been released because plaintiff had, several times after the note became due, extended the time of payment without the consent of defendant. It was also claimed that after Mr. Symes signed the note it had been changed by writing in the words "ten (10) per cent.," without the knowledge or consent of the defendant. On the trial the plaintiff testified that he obtained the note from Mr. Mc-

Bride, and that since it was delivered to him it had not been changed or altered. Mr. McBride testified that he saw Mr Symes sign the note, and that there was no change made in the note up to the time when he delivered it to plaintiff. The defendant gave testimony tending to show there had been a change made in the note by writing in the words "ten (10) per cent." This was a disputed fact, and it was an important fact. The circuit judge charged the jury, among other things:

"It is undisputed in this case, and claimed by the defendant in the case, and the evidence tends to show, that when the note went from his hands there was no rate of interest provided for in the note, but that the blank space in the note, where the figures '10' and the words 'ten per cent.' were written, was blank at the time. That is the claim of the defendant, and there is no dispute about it."

This was error. The question was one for the jury, and not for the court. *Perrott* v. *Shearer*, 17 Mich. 48; *Blackwood* v. *Brown*, 32 Mich. 104; *Conely* v. *McDonald*, 40 Mich. 150; *Hart Manfg. Co.* v. *Mann's Boudoir Car Co.*, 65 Mich. 564; *Davis* v. *Gerber*, 69 Mich. 246; *People* v. *Gastro*, 75 Mich. 127; *Wessels* v. *Beeman*, 87 Mich. 481; *Prentis* v. *Bates*, 93 Mich. 234 (17 L. R. A. 494).

On the cross-examination of the plaintiff, counsel for defendant was allowed to examine him in detail about what he knew about McBride becoming insolvent long after the note was given, and about McBride having made a conveyance of some of his property to the plaintiff. There was no pretense that the property conveyed was for the purpose of paying this note, or applying upon its payment. The purpose of the testimony was to prejudice the jury against the plaintiff, and it doubtless had that effect, and should not have been allowed.

The defendant was allowed to introduce in evidence a number of notes written by him subsequent to the time when the note in controversy was written, for the purpose of being submitted to the jury, for them to compare with

the handwriting in the note. This was error. *Vinton v. Peck,* 14 Mich. 287; *First Nat. Bank of Houghton v. Robert,* 41 Mich. 709.

Counsel for defendant, in his argument to the jury, made use of language in relation to the business of the plaintiff that was unwarranted.

Other errors were committed in the trial, but as they are not discussed in appellant's brief, and are not likely to occur on a new trial, further reference will not be made to them.

Judgment is reversed, and new trial ordered.

The other Justices concurred.