WEIDMAN *v.* SYMES.

120   657
f121   154

120   657
157   197

BILLS AND NOTES — FILLING BLANKS AFTER EXECUTION — BONA FIDE HOLDER—LIABILITY OF MAKER.

> One who executes a promissory note by filling in all the blanks upon a printed form except the one designed for the rate of interest, which blank is thereafter filled without his knowledge, is liable to a *bona fide* holder without notice of the alteration.

Error· to Shiawassee; Smith, J. Submitted April 18, 1899. Decided July 11, 1899.

*Assumpsit* by· William Weidman against George B. Symes on a promissory note. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Selden S. Miner*, for appellant.

*Watson & Chapman*, for appellee.

LONG, J. This case was in this court at the April term, 1898. It is reported in 116 Mich. 619. On the trial of the case in the court below from which that appeal was taken, the defendant had judgment. The case was reversed in this court, and remanded for a new trial. The new trial has been had, and judgment has again passed for defendant, under the direction of the court, and plaintiff brings error.

It appeared that on September 27, 1890, one John McBride borrowed of plaintiff $100, and gave the note in question as security, with the defendant as joint maker. The note was drawn up by defendant, and signed by him, in the Exchange Hotel, in Owosso. He handed it to McBride, who took it to the plaintiff, who was only a short distance away, and received from plaintiff $100. The

defendant testified that, at the time he signed the note, no interest was stated in it. The note was put in evidence, and appears, upon its face, to draw 10 per cent. There were two blank spaces, and one is filled with the words "ten (10) per cent.," and the other with the figures "10," indicating 10 per cent. The plaintiff testified that, when he received the note, these spaces were filled as the note now appears, and that there was nothing on its face to indicate that it had been altered or changed; that, about three months before this suit was commenced, he met the defendant, and informed him that the note had not been paid, when defendant asked him if the interest had been paid, and said he would see McBride in regard to the note; that the interest had been paid upon the note each year until about the time suit was commenced. McBride was not called as a witness. The plaintiff further testified that, on the trial in the justice's court, defendant testified that, when he drew the note and handed it to McBride, he left the interest spaces unfilled, and knew that McBride was to get the money on it from the plaintiff.

At the close of the testimony the plaintiff asked the court to charge the jury:

"In this case, it appears from the undisputed evidence that defendant drew and signed the note in question, except the words 'ten (10) per cent.,' and also the figures '10,' which spaces he permitted to remain in blank; that the note was then handed to the other maker of the note, John McBride, who took it and delivered it to plaintiff, and received the full amount of the note, $100; and that, at the time it was delivered to plaintiff, the blank spaces had been filled by writing in the words 'ten (10) per cent.' and the figures '10.' This being true, the defendant would be guilty of negligence; and, it appearing that the plaintiff did not know that the note had been changed since Symes had signed it,—there being nothing upon the face of said note to indicate that the note had been changed,—the plaintiff would be a *bona fide* holder, and would be entitled to recover the amount of the note at the present time."

This request was refused, and the court directed the

verdict in favor of defendant. Counsel for plaintiff contends that the rule is that, where one delivers a writing containing blank spaces meant to be filled, the transferee, at least in the case of negotiable paper, has implied authority to complete the instrument by filling the blanks, in the way contemplated by the maker, with matter in general conformity to the character of the instrument.

This request should have been given. The rule is laid down by 2 Daniel, Neg. Inst. § 1405, that:

"There is a general principle which pervades the universal law merchant respecting alterations,—a principle necessary to the protection of the innocent and prudent from the negligence and fraud of others. That is that when the drawer of the bill or the maker of the note has himself, by careless execution of the instrument, left room for any alteration to be made, either by insertion or erasure, without defacing it or exciting the suspicions of a careful man, he will be liable upon it to any *bona fide* holder without notice, when the opportunity which he has afforded has been embraced, and the instrument filled up with a larger amount or different terms than those which it bore at the time he signed it. The true principle applicable to such cases is that the party who puts his paper in circulation invites the public to receive it of any one having it in possession with apparent title, and he is estopped to urge an actual defect in that which, through his act, ostensibly has none. * * * The inspection of the paper itself furnishes the only criterion by which a stranger to whom it is offered can test its character, and, when the inspection reveals nothing to arouse the suspicions of a prudent man, he will not be permitted to suffer when there has been an actual alteration."

See, also, *Garrard* v. *Haddan*, 67 Pa. St. 82 (5 Am. Rep. 412); *Visher* v. *Webster*, 8 Cal. 109; *Rainbolt* v. *Eddy*, 34 Iowa, 440 (11 Am. Rep. 152); *Harvey* v. *Smith*, 55 Ill. 224,—all of them holding to the rule laid down in Daniel on Negotiable Instruments.

The note in suit reads, as defendant claims it was drawn and left his hands, as follows:

                              "Owosso, Sept. 27, 1890.
"On or before one year after date, I promise to pay to

the order of William Weidman one hundred dollars at
——. Value received, with interest at —— per cent. per
annum.

[Signed]   "JOHN McBRIDE.
           "GEO. B. SYMES."

As the note was produced on the trial, it appeared that
the first blank space was filled by words and figures as
follows, "Ten (10) per cent.," and the second blank space
by the figures "10." The plaintiff may well have been
deceived when the note was handed him by McBride with
the blank spaces so filled. The defendant was negligent
in leaving these spaces blank. The note was a printed
one, except the date, date of payment, name of payee,
and amount. The rule contended for should have been
applied by the court. The learned judge, in his charge to
the jury, however, seemed to think that the cases of
*Holmes* v. *Trumper*, 22 Mich. 427 (7 Am. Rep. 661),
*Miller* v. *Finley*, 26 Mich. 249 (12 Am. Rep. 306), and
*Bradley* v. *Mann*, 37 Mich. 1, laid down a different rule.
In this the court was in error. In *Holmes* v. *Trumper*
there was no blank space left to be filled. The words
"10 per cent." were added at the end of the note. In
*Miller* v. *Finley* the alteration was by procuring another
signer to the note. And in *Bradley* v. *Mann* the words
"with interest at 10 per cent." were added at the end of
the note, after the words "Value received."

The court was also in error in directing the verdict in
favor of defendant. It is true that the defendant testified
that these spaces were not filled when the note left his
hands, yet there were circumstances surrounding the case
from which the jury might find that the defendant was
mistaken in this. He knew that McBride was negotiating
a loan with the plaintiff, and that this note was given as
security for it. When the plaintiff was pressing for pay-
ment, it is claimed that he asked if the interest had been
paid upon it. If this is correct, it might raise a question
in the minds of the jury whether the spaces were not filled
at the time the note left defendant's hands, or whether the

filling in of the spaces was not authorized by him.  This was a question for the jury, as we held in the former opinion.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.