C. W. JOHNSTON, Appellant, v. G. W. HOOVER, Appellee.

**Negotiable instruments:** AUTHORITY OF PAYEE TO COMPLETE: JURISDICTION: PLACE OF PAYMENT. Under the Negotiable Instruments Act the payee of a note, to whom the same has been delivered, has *prima facie* authority to fill a blank left for stating the place of payment, before indorsing it to a *bona fide* holder for value before maturity; and to make the instrument payable at a place other than where the maker resides, thus conferring jurisdiction to enter judgment at the place of payment. The completing of the note in this regard is not a material alteration avoiding the instrument.

**Same:** PLEADINGS. Where defendant in a suit on a note claimed material alteration which plaintiff contended was authorized by statute, it was not necessary for plaintiff to plead the statute in order that he might rely thereon.

*Appeal from Polk District Court.—* HON. JESSE A. MILLER, Judge.

THURSDAY, JULY 9, 1908.

ACTION at law to recover upon a promissory note. There was a directed verdict and judgment in favor of defendant, and plaintiff appeals.— *Reversed.*

*J. D. Wallingford* and *C. W. Johnston,* for appellant.

*J. M. Graham* and *S. G. Van Auken,* for appellee.

BISHOP, J.— The action was originally commended be-

fore a Polk county justice of the peace. As declared upon, the note reads as follows: "$98.57. Audubon, Iowa, Dec. 9, 1905. 180 days after date I promise to pay to the order of Consolidated Adjustment Co. ninety-eight and 57-100 dollars at Des Moines, Iowa. Value received. [Signed] G. W. Hoover." The defendant answered in two counts: (1) Pleading a material alteration in the note, in that after execution and delivery there had been written into the note the words "Des Moines, Iowa," as the same now appears therein following the word "at." (2) That the defendant resides in Audubon county, and there is no jurisdiction in the court to render judgment against him. Trial was had to the justice, resulting in a judgment in favor of plaintiff for the amount due on the note according to its terms. Defendant appealed, and in the district court the case went to trial upon the pleadings as filed before the justice. Plaintiff introduced the note in evidence, and an inspection thereof made it appear that a printed form had been used in its preparation. In the form, as printed, a blank space was left after the word "at," in which space the words "Des Moines, Iowa," were written in with pen, apparently by the same hand and with the same pen which filled the other blank spaces in the form.

As a witness plaintiff testified that he purchased the note of the payee, in good faith and for value, within a few days after the day of the date thereof; that, when purchased by him, it was in the precise form of words as now appearing; and that he had no knowledge of any change or alteration having been made therein. Defendant made proof of his continued residence in Audubon county; that the note was there executed, and, when executed and delivered, the blank space after the word "at" was unfilled; that he never gave to any person authority to fill said blank. The motion to direct a verdict came at the close of all the evidence, and was based solely upon the ground that the

1. NEGOTIABLE INSTRUMENTS: authority of payee to complete: jurisdiction: place of payment.

court had no jurisdiction to render judgment in favor of plaintiff. And in ruling upon the motion the court expressed the view "that, under the evidence submitted by the defendant, this court is without jurisdiction," and hence the motion should be sustained. We think the ruling was error. Evidently it was grounded upon the thought that, as the place of payment was shown to have been written in the note in the blank space provided therefor, after the execution and delivery of the instrument, the designation of such place was without the contract of the parties. Hence the provision of Code, section 3496, which authorizes suit to be brought in the county of the place stipulated in a written contract as the place for the performance thereof, should not be given application. This ruling, as it seems to us, ignores the provision of the recent statute — commonly referred to as the "Negotiable Instruments Law"— which appears as section 3060a14, Code Supp. 1907. It is there provided that, "where the instrument is wanting in any material particular, the person in possession thereof has a *prima facie* authority to complete it by filling up the blanks therein. . . . In order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time. But if any such instrument, after completion, is negotiated to a holder in due course it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time." It is evident that the provisions of the statute now in force were not overlooked on the trial in the court below, but it seems to have been the thought of the court that section 3060a14 had no application to the case as made. And it is the argument for appellee in this court that the case is not within that section for the reason — stated in short — that the designation of a place of payment was not matter

material to the completion of the note. And, further, it is argued that the case falls strictly within the provisions of sections 3060a124 and 3060a125, relating to alterations in negotiable instruments, and the effect thereof.

We think the case falls within the statute provision relied upon by appellant. It will be observed that the only subject being dealt with in subsection 3060a14 is the use in the preparation of a negotiable instrument of a printed blank designed for the purpose. And this must be kept in mind in arriving at the meaning of the expressions used in the subsection. In our view, it would be giving the statute altogether too narrow a construction to say that by " material particular " there was intended to be included only such particulars as were necessary in strictness to the creation of a negotiable instrument. So, also, the authorization to the person in possession " to complete it by filling up the blanks therein " was 'not intended to be restricted to only such blanks as were required to be filled, to the end barely that the instrument might have force as a negotiable instrument. It is not always required that the word " material " should be given meaning as synonymous with the word " necessary." And it is well known that there are a number of matters proper to be inserted in a negotiable instrument — material to be taken note of if inserted, or, if not inserted, the absence of which may be material to be taken note of — but which are not necessary in the vital sense to the validity of the instrument. Thus proper but not necessary to the completion of a negotiable instrument is a stipulation for interest, and, if stipulated for, the rate, the time when it shall commence to run, and .the time when payable — semi-annually, annually, or at maturity. What is thus said has equal force as related to a stipulation fixing the place where payment is' to be made. Such stipulations being proper of insertion, they are material within the meaning of the statute, if, in the given case, the printed form selected by the maker of the instrument contains blanks designed for

the insertion of such or other matters proper to and usually found in such instruments. And to complete the instrument means no more than to fill in the blanks left for the insertion of such matters. This conclusion is at one with the view generally taken by the courts in those jurisdictions where the rule of the common law on the subject of filling blanks is in accord with the provision of the negotiable instruments law. And, as it would seem, there the rule — as regards a good-faith holder in due course — is based, not only on the doctrine of implied authority, but upon the principle of estoppel. Thus in *Redlich v. Doll,* 54 N. Y. 234 (13 Am. Rep. 573), it is said that where one makes and delivers a promissory note, perfect in form, except that a blank is left after the word " at " for the place of payment, there is an implied authority for any *bona fide* holder to fill the blank, and the insertion of a place of payment, and negotiation of the note, contrary to the agreement of the original parties, does not avoid it in the hands of a *bona fide* holder for value. This, it is said, is upon the principle that, where one of two innocent parties must suffer by the fraud or wrong of a third person, the one who put it in the power of such third person to commit the fraud or wrong must bear the loss; and, further, that the maker, having put his paper in circulation, and thus invited the public to receive it of any one having apparent title, is estopped to urge the actual defect of the title against a *bona fide* holder. See, also, as having more or less direct bearing, these cases: *Kitchen v. Place,* 41 Barb. (N. Y.) 465; *Winter v. Loeb,* 104 Ala. 580 (16 South. 543); *Bank v. O'Connell,* 23 Mo. App. 165; *Bank v. Thomas,* 79 Hun, 595 (29 N. Y. Supp. 837); *Garrard v. Haddan,* 67 Pa. 83 (5 Am. Rep. 412); *Holmes v. Bank,* 120 Ala. 493 (24 South. 959); *Weidman v. Symes,* 120 Mich. 657 (79 N. W. 894, 77 Am. St. Rep. 603). And in 2 Daniel, Negotiable Instruments, section 1405, it is said: " When the drawer of a bill or maker of a note has himself, by careless execution of the instrument,

left room for any alteration to be made either by insertion or erasure, without defacing it, or exciting the suspicions of a careful man, he will be liable upon it to a *bona fide* holder without notice, when the opportunity he has afforded has been embraced, and the instrument filled up with a larger amount or different terms than those which it bore at the time he signed it."

Counsel for appellee insist that plaintiff cannot be permitted in any way to invoke the principle of estoppel, for the reason that in his reply pleading there is no intimation of his intention to rely upon the principle. The ready answer to this is that of reliance of plaintiff to defeat the defense pleaded is upon the statute, and the principle of estoppel is brought in only in the way of argument addressed to the question of the meaning and scope to be given to the language found in the statute. In other words, the contention of plaintiff is that in some measure the statute is bottomed upon the principle of estoppel. There was, therefore, no requirement for any pleading on the subject. What has already been said is sufficient to make it plain that to the case in hand subsections a124 and a125 have no application. We are aware, of course, that our conclusion on the case is not in harmony with some of our former cases; but the interposition of the statute is sufficient to account for that.

2. SAME: pleadings.

It follows that the judgment must be, and it is, reversed, and a new trial awarded.— *Reversed.*