HOWARD NATIONAL BANK *v.* CECELIA ARBUCKLE.

October Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed November 7, 1917.

*Bills and Notes—Liability of Indorser after Discontinuance of Suit against Maker.*

The fact that the payee of a promissory note, after having sued the maker thereon and attached sufficient of the latter's property to pay the claim in full, joined in a petition to have the maker adjudged a bankrupt, by which adjudication the attachment was released and the other creditors enabled to participate in the avails of the property, does not release an indorser upon the note from liability thereon.

A creditor who, without request of the surety, has commenced an action against the principal upon a note may, acting in good faith, discontinue it without prejudice to his rights against such surety, although property of the principal was attached thereunder.

CONTRACT on a promissory note indorsed by defendant. Special plea, that defendant was released from liability by reason of the discharge of an attachment previously made in a suit on the note, brought by plaintiff against the maker. Trial by court at the March Term, 1917, Chittenden County, *Butler*, J., presiding. Judgment for plaintiff on facts found by the court. Defendant excepted. The opinion states the case.

*Ezra M. Horton* for defendant.

*Max L. Powell* for plaintiff.

POWERS, J. In this action, the plaintiff seeks to recover on a promissory note for the sum of $2,500, signed by the Arbuckle Company, a corporation, and indorsed by the defendant. This note was not paid when it fell due, and was protested, and due notice was given the defendant. The facts were found by the court below, and therein it is stated that on May 4, 1916, the

plaintiff brought a suit against the Arbuckle Company predicated upon this and other notes. It is difficult to see how this note could have been covered by that suit, as it was not then due; but the date of the bringing of the suit may have been inadvertently misstated, and we accept the statement as correct. On May 11, 1916, the plaintiff joined in a petition to have the Arbuckle Company adjudged a bankrupt, and in due course the adjudication was made, and the attachment, which covered property enough to pay the plaintiff in full, was thereby dissolved. The defendant had nothing to do with any of these legal proceedings and knew nothing about them. The only question submitted to us is: Did this action of the plaintiff whereby the attachment was released, discharge the defendant from liability under her indorsement?

Though it may be otherwise in some jurisdictions, it is the settled law of this State that a creditor who, without request of the surety, has commenced an action against the principal upon a note may, acting in good faith, discontinue it without prejudice to his rights against such surety, though property of the principal was attached thereunder. This is the unmistakable doctrine of *Bank of Montpelier* v. *Dixon,* 4 Vt. 587, 24 Am. Dec. 640, and *Baker's Ex'rs* v. *Marshall,* 16 Vt. 522, 42 Am. Dec. 528, and has never been departed from by this Court. The same thing is held in *Barney* v. *Clark,* 46 N. H. 514; *Lawson* v. *Snyder,* 1 Md. 71; *Page* v. *Webster,* 15 Me. 249, 33 Am. Dec. 608. See, also, *Fulton* v. *Matthews,* 15 Johns. (N. Y.) 433, 8 Am. Dec. 261; *Bellows* v. *Lowell,* 5 Pick. (Mass.) at p. 311.

That the effect of the plaintiff's action was to enable the general creditors to participate in the avails of the property attached does not distinguish this from the cases referred to. Counsel make no reference to the Negotiable Instruments Act No. 99, Acts 1912, in this connection, so we give it no attention.

*Judgment affirmed.*