HOWARD NATIONAL BANK *v.* CECELIA ARBUCKLE.

October Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed November 7, 1917.

*Bills and Notes—Alteration—"Material Particular"—Negotiable Instruments Act—Prima Facie Authority of Bank Cashier to Fill Blank in Note.*

The term "material particular" as used in Sec. 14 of the Negotiable Instruments Act referring to blanks which the holder has *prima facie* authority to fill does not mean such as may be necessary to make the instrument a negotiable note, but includes any particular proper to be inserted in such an instrument.

Under the Negotiable Instruments Act, a bank cashier has *prima facie* authority to fill a blank in a promissory note payable to the bank by inserting therein the time for which the note is to run, and his act in so doing does not render the note unenforceable against an indorser thereon.

CONTRACT on a promissory note, indorsed by defendant. Special plea, that the cashier of the plaintiff bank had altered the note in a material particular. Trial by court at the March Term, 1917, Chittenden County, *Butler,* J., presiding. Judgment for plaintiff on facts found by the court. Defendant excepted. The opinion states the case.

*Ezra M. Horton* for defendant.

*Max L. Powell* for plaintiff.

POWERS, J. This case was heard with the case between the same parties reported *ante,* p. 84, 102 Atl. 476. It is predicated upon a note for $1,150, signed by the Arbuckle Company, and indorsed by the defendant. When this note was prepared a printed blank was used, and when delivered by the signer to the plaintiff it read, "————————— after date we promise to pay," etc., —there being a blank line standing before the words "after

date.'' The note was delivered to the plaintiff by the treasurer of the Arbuckle Company and the note renewed by it was not surrendered, because the treasurer told the plaintiff's cashier that he was giving the new note to prevent protest of the old one, and that he expected to pay it in a few days. He also told the cashier that if he wanted to run the new note through the books of the bank he might fill the blank above referred to. The note was not paid, and a few days short of four months after it was given, the cashier inserted the words ''four months'' in the blank, and thereupon cancelled the old note on the books and entered the new one in its stead. The defendant insists that this act of the cashier in inserting the words in the blank, being unauthorized by her, amounted to a material alteration of the instrument and rendered it unenforceable against her. This note, like the one in the other case, was given since the passage of the Negotiable Instruments Act (No. 99, Acts 1912) which controls the rights of the parties.

Section 14 of that act is sub-titled ''Blanks; When may be filled,'' and provides that if ''the instrument is wanting in any material particular, the person in possession thereof has *prima facie* authority to complete it by filling up the blanks therein.'' The term ''material particular'' as here used does not mean such as may be *necessary* to make the instrument a negotiable note, but includes any particular *proper* to be inserted in such an instrument. 1 Dan. Neg. Instr. (6th ed.) 144, n. 86; 8 C. J. 187; *Johnston* v. *Hoover*, 139 Ia. 143, 117 N. W. 277. In the case cited, the instrument contained a promise to pay a certain sum ''at ————''; and the words ''Des Moines, Iowa'' were, after delivery, inserted therein. It was held that a statute like ours gave *prima facie* authority to fill the blank in this way. *Bloom* v. *Horwitz*, 166 N. Y. Supp. 786, is directly in point, and it was therein held that the holder of the instrument had *prima facie* authority under a statute like ours, to fill in the blank before the words ''after date,'' and that this was not an ''alteration'' of the note. No question is made as to the space before the words ''after date'' being a blank within the meaning of the law, and could not well be, as this is obvious from an inspection of the instrument and indicated by the treasurer's statement to the cashier. It is also apparent that the acceptance of the note by the plaintiff did not become complete until the old note was cancelled as above stated.

We find nothing to criticize in the reasoning of the cases above cited, and agree that it is especially desirable that we follow them. *Union Trust Co.* v. *McGinty*, 212 Mass. 205, 98 N. E. 679, Ann. Cas. 1913 C, 525.

We hold, therefore, that the cashier had *prima facie* authority to do as he did, and there being nothing found to the contrary, the defendant's exception cannot be sustained.

It should be noted, in passing, that even before the passage of the Negotiable Instruments Act, this blank in the note carried with it evidence of authority on the part of the holder to fill it in as was done. *Michigan Ins. Co.* v. *Leavenworth's Est.*, 30 Vt. 11.

The other point made in argument is ruled against the defendant by the decision in the other case.

These being the only questions raised, none other is considered.

*Judgment affirmed.*