# P. E. DONLIN v. G. E. WAMSLEY AND OTHERS.[1]

January 11, 1929.

No. 27,105.

See 2 R. C. L. 251; 1 R. C. L. Supp. 476; 4 R. C. L. Supp. 98; 5 R. C. L. Supp. 88; 6 R. C. L. Supp. 81.
See 12 R. C. L. 1074; 5 R. C. L. Supp. 674; 6 R. C. L. Supp. 737; 7 R. C. L. Supp. 403.
See 12 R. C. L. 1095; 2 R. C. L. Supp. 1550; 5 R. C. L. Supp. 675.

[1]Reported in 223 N. W. 98.

*Jay W. Smith* and *T. M. Thomson,* for appellant.
*Leonard Keyes,* for respondent.

TAYLOR, C.

On December 21, 1921, the defendants executed to Thomas Dwyer an instrument termed a bond, but in which there is no principal and which in substance and effect is a guaranty. The portion of this instrument here material reads:

"The condition of this obligation is such, that whereas the said Thomas Dwyer has money deposited in the Farmers State Bank of Brooten, Minn., on open checking account and time certificate of deposits and this bond is given unto Thomas Dwyer as a guarantee that the said Farmers State Bank of Brooten shall pay to Thomas Dwyer in full all money that he now has on deposit in said bank or may hereafter deposit in said Farmers State Bank on open checking account or otherwise."

On October 25, 1923, the bank was closed by the banking department as insolvent. Dwyer had on deposit in the name of "Thomas Dwyer" the sum of $837.50 which was represented by two certificates of deposit. He also had on deposit in the name of "Thomas Dwyer, guardian," the sum of $2,797.50, of which $2,290.03 was represented by two certificates of deposit and the remainder was in a savings account.

Plaintiff as administrator of the estate of Thomas Dwyer brought suit on the guaranty to recover the amount of these deposits. Defendants Wamsley and Reine allowed judgment to go against them by default. Defendant McCullough contested the claim. The court

made findings and directed judgment against all the defendants. Defendant McCullough made a motion for amended findings or for a new trial and appealed from the order denying a new trial. He will be intended by the term defendant when used hereinafter.

Thomas Dwyer was guardian of his son Delbert Dwyer, a disabled soldier who had become insane. The case was loosely tried. When he was appointed as such guardian does not appear. After the death of Thomas, which apparently occurred after December 17, 1923, and before February, 1924, his daughter, Cora Tierney, was appointed guardian of Delbert. No settlement of the account of Thomas as guardian has ever been made.

Defendant contends that plaintiff cannot maintain this action for the alleged reason that the administrator of the estate of Thomas is not the real party in interest. There is no merit in this contention. It is the duty of the administrator to make an accounting and settlement in the probate court for the property held by his intestate as guardian, Peel v. McCarthy, 38 Minn. 451, 38 N. W. 205, 8 A. S. R. 681, and he clearly has the right to collect any claim held by the intestate for the amount of which he is chargeable and must account in making such settlement. This money was not invested in the manner authorized by statute. Nothing is shown which would relieve Thomas from personal liability for it, nor which would permit him or the administrator of his estate to discharge that liability by turning over to the ward or his present guardian the claim against the insolvent bank in lieu of the money.

Defendant also contends that the money deposited in the name of "Thomas Dwyer, guardian," is not covered by the guaranty above quoted. All the certificates of deposit were issued after the execution of the guaranty. Whether they were renewals or prior certificates is not shown. The deposit in the savings account was also made after the execution of the guaranty. There is evidence however that his guardianship account was the principal account of Thomas in the bank prior to the giving of the guaranty, and the court found that all the deposits in question were made pursuant to and in reliance upon the guaranty.

The guaranty is to be construed fairly and reasonably for the purpose of giving it the effect contemplated by the parties. It "should be neither extended beyond the fair import of its terms nor unduly restricted by technical interpretation;" and the circumstances under which it was given may be shown by parol to aid in ascertaining the intention of the parties. Bradshaw v. Barber, 125 Minn. 479, 147 N. W. 650; Goodhue County Nat. Bank v. Fleming, 168 Minn. 50, 209 N. W. 533; Taney v. Hodson, 170 Minn. 230, 212 N. W. 196; 28 C. J. 930. It appears that both before and after the giving of the guaranty the principal account in the bank consisted of moneys deposited in the name of "Thomas Dwyer, guardian." The undertaking is that the bank "shall pay  *  *  *  in full all money that he now has on deposit in said bank or may hereafter deposit in said Farmers State Bank on open checking account *or otherwise.*"

The instrument contains nothing limiting the obligation to any particular fund or to deposits made in any particular manner; and is broad enough to cover all deposits made by Thomas Dwyer. We concur in the view of the learned trial court that it covered all the deposits in controversy.

Defendant urges that the court erred in admitting the testimony of Cora Tierney to the effect that prior to the execution of the guaranty her father's principal account in the bank was the one in his name as guardian. She spoke of her own knowledge, and the testimony was admissible as showing the situation when the guaranty was given.

He also urges that the court erred in permitting a representative of the banking department to present a list of the claims allowed against the bank and to testify therefrom as to the amounts due upon the claims in question. Whatever error there may have been in receiving this testimony was cured by the subsequent introduction in evidence of the certificates of deposit and of the pass-book showing the amount of the savings deposit. These corresponded with the amounts stated by the witness and are unquestioned.

Order affirmed.