EDWARD SNICKER, INCOMPETENT, v. B. F. BYERS AND OTHERS.[1]

March 8, 1929.

No. 27,141.

[1]Reported in 224 N. W. 152.

542

*Freeman & Smith,* for appellant.

*A. R. English* and *A. C. Dolliff,* for respondents B. F. Byers, Warren H. Heins and A. N. Nelson.

*L. J. Lauerman,* for respondent John Miller.

OLSEN, C.

Appeal by plaintiff from an order denying his motion for a new trial.

Defendants Byers, Miller, Heins and Nelson are hereinafter referred to as the defendants.

Plaintiff, Edward Snicker, is an incompetent person and under guardianship in the probate court of Renville county. He served in the World War and had compensation for disability coming to him from the federal government. Compensation was paid, first a sum for accrued compensation and thereafter in monthly payments. His guardian collected the compensation and deposited same in banks in his name as guardian. On March 31, 1925, the guardian had a substantial amount of money on deposit in the Peoples First National Bank of Olivia, in Renville county, and an additional sum deposited in the Olivia State Bank.

Shortly prior to that time the probate court of said county made an order requiring all guardians, in proceedings pending in that court, who had money of their wards deposited in banks, to require and procure bonds from such banks to secure the repayment of such deposits, otherwise to withdraw such deposits. This order was communicated to plaintiff's guardian and was made known to the officers of the Peoples First National Bank. Defendants were directors of said bank, and Byers and Miller were also its president and vice president, respectively. Under date of March 31, 1925, defendants and one other director of the bank executed the bond herein sued upon, which is made a part of the complaint and set out in full and attached thereto. The bond or undertaking was delivered to the judge of probate and by him approved and filed in the guardianship

proceeding. The guardian was informed that such bond had been given and approved. Thereupon he withdrew the funds he had on deposit in the Olivia State Bank and transferred same to the Peoples First National Bank, and thereafter continued to deposit therein the monthly payments received from the government. The bank failed and was taken over by the comptroller of currency on February 5, 1927, and is being liquidated. At that time plaintiff's guardian had on deposit in the bank $7,094.67 of plaintiff's funds. Demand for payment thereof has been made on these defendants and on the bank and its receiver, and no payment made. Tender has been made to defendants of proper assignment of plaintiff's claim to any dividends that may come from the insolvent bank.

There is not much dispute as to the facts. The deposit of the money to the amount and in the manner stated is not denied. The execution of the bond, in the language and form set forth in the complaint, is expressly admitted by defendants' verified answers.

Defendants, by their answers, allege as defenses that the bond in question was unauthorized; that it is not authorized by any statute and the judge of probate had no authority to require it, and the bond for that reason is null and void; that there was no valid delivery of the bond; that there was no consideration for it; that the judge of probate is named therein as obligee and the bond invalid for that reason; that the order of the probate court required the guardian to withdraw the funds from any bank which refused to give such a bond; and that these defendants executed the bond through fear of the threat contained in that provision and in the belief that the judge of probate had authority to make such order.

The cause was tried to the court, and the findings of fact and conclusions of law directed that judgment be entered in favor of defendants dismissing the action. Plaintiff moved for amended findings and conclusions of law so as to find for and direct judgment in favor of plaintiff, or, if that be denied, then for a new trial, and appeals from the order denying such motion.

■ Const. art. 6, § 7, vests in the probate court jurisdiction over persons under guardianship. This embraces jurisdiction over their

affairs in general, including the management and disposition of their property. It includes the care and protection of the estate of wards, as formerly vested in courts of chancery. Jacobs v. Fouse, 23 Minn. 51; State ex rel. Martin v. Ueland, 30 Minn. 277, 15 N. W. 245; Culver v. Hardenbergh, 37 Minn. 225, 234, 33 N. W. 792; Fiske v. Lawton, 124 Minn. 85, 91, 144 N. W. 455; State ex rel. Benz v. Probate Court, 133 Minn. 124, 155 N. W. 906, 158 N. W. 234; Scott v. Whitely, 168 Minn. 74, 209 N. W. 640.

The legislature, while it may regulate the procedure and manner in which jurisdiction may be exercised, can neither add to nor limit the jurisdiction conferred by the constitution. Mousseau v. Mousseau, 40 Minn. 236, 41 N. W. 977; Fiske v. Lawton, 124 Minn. 85, 144 N. W. 455. "The state designs a guardianship proceeding for an incompetent in the nature of a protective measure." Scott v. Whitely, 168 Minn. 74, 75, 209 N. W. 640. The legislature has prescribed the procedure in reference to the appointment of guardians, their accounting, reports, and other matters. This does not exhaust or limit the court's powers in other respects. There are many questions arising in guardianship matters for which no special procedure is provided. For the purpose of protecting and preserving the property of wards, the broad power of the court to take such steps as may be for the best interest of the wards, even where no procedure therefor is prescribed by statute, cannot be seriously doubted. Advice and orders to guardians for that purpose, not violative of any statute or rights of others and not unreasonable, would seem well within the power of the court. The order here made, directing guardians to secure bonds for money on deposit in banks, was reasonable and proper.

■ There was no duress or imposition on these defendants or on the bank in directing the guardian to withdraw the funds in case the bank declined to give the bond. The bank was obligated to repay the money on proper demand. The order required nothing more. No duress or imposition can result in such case from requiring the bank to do what it was legally obligated to do, where, as here, no threat or improper conduct is shown.

546

■ The bond was in the form of an undertaking. It named no principal. The bank was not expressly made a party thereto. In that regard it was substantially in the form of the instrument, called a guaranty, in Donlin v. Wamsley, 176 Minn. 234, 223 N. W. 98, upon which recovery was allowed. In Harriet State Bank v. Samels, 164 Minn. 265, 204 N. W. 938, an officer and stockholder in the bank gave a bond to the superintendent of banks for the benefit of the bank. The bank was not a party to the bond. The benefit to the bank was held a sufficient consideration for the bond. In the case of Leonard Co-op. C. Assn. v. First State Bank, 168 Minn. 28, 209 N. W. 631, the continuation of a checking account in the bank was held to be a sufficient consideration to support the agreement of the sureties on the bond, who were officers of the bank, to repay the money. In the present case, it sufficiently appears from the bond that it was given on behalf of the bank, and the continuation of the deposit and account was a sufficient consideration. Leonard Co-op. C. Assn. v. First State Bank, 168 Minn. 28, 209 N. W. 631. The bond was good as a common law bond or as a contract. Village of Farmington v. Reisinger, 174 Minn. 56, 218 N. W. 444.

■ The judge of probate was named as obligee. But the obligation was to repay the money of the plaintiff deposited in the bank by his guardian. Clearly the obligation was for plaintiff's benefit. While not so expressly stated, the effect is the same as if it were therein recited that the bond was given for the use and benefit of plaintiff. The decision in Harriet State Bank v. Samels, 164 Minn. 265, 269, 204 N. W. 938, is in point. There the bank sued on a bond given to Mr. Veigel, superintendent of banks. The court said: "Although the bond ran to Mr. Veigel, the bank was a party really interested, hence it had a right to sue. G. S. 1923, § 9165."

Statutory bonds in proceedings in probate court run to the judge of probate, and actions thereon may by leave of the court be brought in the name of and for the benefit of any person interested. G. S. 1923, § 8912. The bond here in question is not a statutory bond. But where the bond clearly discloses the identity of the person for whose benefit it is made, there appears to be no valid reason why

such beneficiary may not sue thereon. The probate court had such interest in the preservation and protection of the funds of the ward that the judge, in his official capacity, might well be named as obligee in the bond. Suit thereon in his name, for the benefit of the ward, would have been sustained. The bond was not void because the judge of probate was named therein as obligee.

■ The bond was voluntarily given by the defendants. It was given for a lawful and proper purpose. The delivery of the bond to the judge and approval and filing thereof in the guardianship matter was a sufficient delivery and acceptance.

■ As already noted, the execution of the bond in the language and form as it now appears is expressly admitted in defendants' verified answers. There was no issue made by the pleadings as to any addition to or alteration of the bond after its execution or delivery. But it appeared from the evidence presented by the plaintiff that at the time the bond was handed to the judge of probate it was blank as to the condition thereof. The bond was made out on a printed form of an undertaking. After the printed words "The condition of this obligation is such that whereas," there was left a blank space in which to fill in the condition. At the end of the blank space was the usual printed ending: "then this obligation shall be void; otherwise to remain in full force and effect." The bond was complete in every respect except for the blank mentioned. Before approving and filing the bond, the judge of probate filled this blank by inserting therein the proper condition as follows:

"The Peoples First National Bank, a national banking corporation of the Village of Olivia, Minnesota, has been designated as a depository of certain money belonging to Edward Snicker, an incompetent ward, with the consent and approval of the Probate Court of Renville County, Minnesota.

"NOW, THEREFORE, if the said Peoples First National Bank shall during the term of this bond faithfully account for and in due and ordinary course of business pay on legal demand all moneys deposited with it by Andrew Snicker as guardian of the said Edward Snicker, incompetent ward, or his successors as such guardian," etc.

548

It is self-evident that the bond without any condition inserted therein was incomplete. There was no alteration of the bond, but at most the filling in of a blank therein, the purpose of which blank was clearly indicated by the printed words preceding and following same. Assuming, but not so deciding, that in the face of the express admissions in their answers the defendants may raise the questions that the judge had no authority to fill in this blank, and that the condition inserted in the bond was not in exact compliance with defendants' understanding or intention, the evidence does not relieve them from liability. The bond was prepared at the bank by the assistant cashier and was signed and acknowledged before him. Either at the request, or with the full approval of, the defendants, he then took the bond to the probate office and delivered it to the judge. Each of the three defendants who testified in the case admitted that it was understood and intended by defendants that the bond was to secure the funds deposited and to be deposited in the bank by plaintiff's guardian, and that it was to be delivered to the judge of probate for that purpose. In that situation it is evident that the judge had at least implied authority to fill in the blank with the proper condition. The court in its memorandum so states, and defendants do not seriously contend otherwise.

But the court in its memorandum indicates, and defendants contend, that the condition inserted differed from the one they had in mind and intended. They claim that they were informed and understood that the bond was to be a general bond and cover not only deposits in the bank by the guardian of plaintiff, but deposits in their bank by any and all guardians in the probate court of Renville county. In other words, they claim that the bond should have imposed greater liability upon them. The condition inserted was intended. The only complaint is that some additional liability should have been included. Again, the evidence does not sustain the claim. Defendants were unable to point out any other guardianship account in the bank that should have been included, and the evidence fails to show that there was at any time any other guardianship account in the bank to be secured by this bond. Some vague refer-

ence is made to an Olson account, but if there was such an account it was in a guardianship proceeding pending in the probate court of another county. Defendants are men of experience. They have not been deceived or imposed upon. The claim here made is too tenuous and lacking in support in the evidence to constitute any defense. They are estopped from now asserting it as against this plaintiff.

Where the signer of an instrument delivers it to another for use, with blanks not filled, the instrument carries on its face implied authority to fill the blanks necessary to perfect the same in general conformity to the character of the instrument; and, as between such signer and innocent third parties, the one so filling in the blanks must be deemed the agent of the signer. State v. Young, 23 Minn. 551; Violett v. Patton, 5 Cranch, 142, 3 L. ed. 61; Bank of Pittsburgh v. Neal, 22 How. 96, 16 L. ed. 323; Angle v. N. W. Life Ins. Co. 92 U. S. 330, 23 L. ed. 556; Weidman v. Symes, 120 Mich. 657, 79 N. W. 894, 77 A. S. R. 603; Montgomery v. Dresher, 90 Neb. 632, 134 N. W. 251, 38 L.R.A.(N.S.) 423; Friend v. Yahr, 126 Wis. 291, 104 N. W. 997, 1 L.R.A.(N.S.) 891, 110 A. S. R. 924; 2 C. J. p. 1243, and note 66.

Engstad v. Syverson, 72 Minn. 188, 75 N. W. 125, is a case where defendants signed a printed form of bond before any blanks therein had been filled. They claimed it was represented to them to be a certificate and not a bond. It was held that the printed form showed it was a bond and not a certificate; that, if they did not read it, they were negligent in signing and were estopped as against those claiming rights thereunder.

■ The complaint asks for the reformation of the undertaking so as to insert the name of plaintiff's guardian as obligee therein instead of that of the judge of probate. The reformation asked is not necessary. There should be a finding that the bond was given and intended to be for the benefit of this plaintiff, and that his guardian had a right to sue thereon.

Finding of fact No. VIII should be eliminated and other findings amended so far as necessary to conform to the views here expressed.

The conclusions of law should be amended so as to direct judgment in favor of the plaintiff for the amount of the deposit, $7,094.67, with interest from the time of the commencement of the action, and against the four defendants, Byers, Miller, Heins and Nelson.

Lilah Sausele, administratrix, was not made a party to the appeal.

The order appealed from is reversed and the case remanded with directions to amend the findings of fact and conclusions of law, and order judgment as above indicated.

