BAIRD v. SALNAVE.

1. BILLS AND NOTES— ALTERATION.
   An alteration in a promissory note made after execution defeats an action on the instrument.

2. SAME.
   · It was not erroneous, in an action on a note that defendants claimed had been altered by increasing the amount from $400 to $420, to instruct the jury that if the defendants had paid $20, and such amount was by mistake included in the total, they might allow that sum as a payment and return a verdict for $400, with interest, where the jury found for plaintiff on the question of alteration and rendered a verdict of $400, defendants alone appealing.

Error to Van Buren; Des Voignes, J. Submitted January 29, 1913. (Docket No. 72.) Decided March 20, 1913.

Assumpsit by A. F. Baird against Oliver R. Salnave and another upon a promissory note. Judgment for plaintiff. Defendants bring error. Affirmed.

*W. J. Barnard*, for appellants.

*Thomas J. Cavanaugh*, for appellee.

BROOKE, J. Plaintiff, who is the father of defendant Lottie Salnave, sues his daughter and her husband upon a promissory note, a copy of which follows:

"SALE NOTE:
                                    "BANGOR, MICH., April 1, 1911.
   "One year after date we jointly and severally as principal promise to pay to the order of A. F. Baird the sum of four hundred and twenty ($420) dollars, to draw interest at the rate of 6% per annum from date and attorney's fees if suit is instituted on this note. Value received.
   "Payable at residence of A. F. Baird.
                                    "OLIVER R. SALNAVE.
                                    "LOTTIE SALNAVE."

The defendants pleaded the general issue, and denied the execution of the instrument under oath. Upon the trial, both defendants admitted that they had signed the note, but claimed that, when it was signed by them, the amount specified by both words and figures was $400, and that it had been changed after execution by the insertion of the words "and twenty," and by placing the figure "2" over the cipher next the "4." It was further claimed by defendants that the time of maturity had been changed. Defendant Oliver R. Salnave testified:

"I claim the note has been altered and changed. It was to be a three-year note. I didn't read the three years in particular. I was in a hurry when I signed it. * * * I don't think the note said 'one year after date' when I read it. * * * There was only $400 written in there, no $20 or anything of that kind; no, sir. I think it was changed from $400 to $420 after I signed it."

This note was given by defendants to plaintiff as the purchase price of a span of horses, a wagon, and harness.

It was further claimed by defendants that, upon the day the note was given, the sum of $20 was paid by defendant Lottie Salnave to her father, the plaintiff. Plaintiff denied receiving the $20 in question, and denied that the note had been changed in any particular after execution.

The case was submitted to the jury under a charge which plainly instructed them that the plaintiff could not recover at all if they found that the note had been altered after execution so as to raise the amount or change the time of payment. This instruction was warranted under the decisions in this State. See *Holmes* v. *Trumper*, 22 Mich. 427 (7 Am. Rep. 661); *Wait* v. *Pomeroy*, 20 Mich. 425 (4 Am. Rep. 395); *Bradley* v. *Mann*, 37 Mich. 1; *First Nat. Bank* v. *Carter*, 138 Mich. 421 (101 N. W. 585).

The court further charged:

"Even though you should find that the defendant did pay $20 to apply on the horses at the time of the making of the note, this would not, standing alone, authorize you

to deny the plaintiff relief in this case, unless you find that, after the note was signed, the plaintiff changed the consideration and added thereto, in the body thereof, the words 'and twenty,' because, if the defendants signed the note with these words in, then they would be liable, although if you should find that $20 was paid and it was intended that it should apply upon the purchase price of the horses, wagon, and harness, but by mistake or inadvertence it was not taken into consideration when the note was made, you would have the right to allow defendants this payment and render a verdict for the plaintiff for the sum of $400, with interest thereon at 6 per cent. from April 1, 1911."

Error is particularly assigned upon this portion of the charge; it being contended by defendants that the court thereby submitted to the jury a theory of the case which had been advanced by neither party. We are unable to agree with this view. It is true that the plaintiff denied the receipt of the $20 and the alteration of the note, while the defendants asserted the payment of the $20 and that the note had been altered.

Under the instruction above quoted, the jury found against the plaintiff upon the first proposition, and against the defendant upon the latter, and returned a verdict in favor of plaintiff for $400 and interest. We are of opinion that the testimony warranted both findings.

We are at a loss to understand exactly why defendants appeal from this judgment. They admit that they owe plaintiff $400; and that sum, with interest, is exactly the amount they are by this judgment condemned to pay. It may be said that the question of costs is involved. Defendants had it in their power to protect themselves against the payment of costs by depositing in court the $400 for which they claim the note should have been made. By their verdict the jury have determined that there was no alteration in the note after it was signed; therefore, that contention of defendants is not upheld. It was their duty, then, if they desired to avoid the payment of costs, to have followed the course indicated.

Error is assigned upon other portions of the charge and upon the exclusion of certain testimony. These assignments have been examined, but are without merit.

The judgment is affirmed.

STEERE, C. J., and MOORE, MCALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.